WESTINGHOUSE AIR BRAKE CO. v. CHRISTENSEN ENGINEERING CO.

(Circuit Court, S. D. New York. February 8, 1904.)

1. PATENTS—INFRINGEMENT—INJUNCTION—VIOLATION—PENALTY.

Where an injunction was issued against further infringement of a claim in a patent, and after violation of the injunction such claim was held invalid on appeal, the circumstance that the order was improvident in that it was based solely on the claim so held to be void would be considered in determining the penalty to be imposed for such violation.

2. SAME.

Where an interlocutory decree was entered sustaining a patent and holding that defendant's device infringed three claims numbered 2, 4, and 11, and an injunction was duly issued and served, which defendant violated pending appeal, on which claim 2 was held void, but the decree was affirmed as to claims 4 and 11, defendant was not entitled to claim on a motion to punish it for contempt in violating the injunction, that it did not know that its devices were condemned as infringements of claims 4 and 11, and that it was enjoined from further manufacture and sale thereof.

3. SAME—MOTIONS.

Where, on an application to punish defendant for contempt in violating an injunction restraining the infringement of a patent for an improvement in valves for air brakes, served on defendant's attorneys March 19, 1903, the affidavits alleged that an examination of the cars in which the infringing valves were found showed that the cars were dated April, 1903, and that some one "informed" one of the affiants that the cars were "set up" between March 23 and 28, 1903, and that affiant "was also informed," without stating by whom, that all of the braking equipments were delivered by defendant on August 28, 1902, such affidavits were insufficient to show a violation of the injunction.

Motion to Attach for Contempt.

See 113 Fed. 594; 121 Fed. 562; 123 Fed. 306, 632; 126 Fed. 764.

Fred'k H. Betts, for the motion.

Wm. A. Jenner, opposed.

LACOMBE, Circuit Judge. This motion has been kept under advisement, awaiting the determination of two appeals in this suit, which have now been decided. The result has greatly simplified the disposition of the questions raised here. The suit is for infringement of the Boyden patent, No. 481,134, for improvements in valves for air brakes. Infringement was charged of claims 2, 4, and 11. The suit was begun in August, 1900, and in the fall of 1901 a motion was made for a preliminary injunction. It was granted as to claim 2, but decision reserved as to claims 4 and 11, and in October, 1901, a writ of injunction against further infringement of claim 2 was issued and duly

served. In April, 1902, defendant sold four valves infringing said claim to the Boston & Maine Railroad Company. Knowledge of such sale having subsequently come to complainant, a motion was made to attach for contempt. It was granted January 21, 1903, and a fine was imposed. A writ of error to review such decision was sued out, and the Court of Appeals has within a few days dismissed the writ, holding that under the decision of the Supreme Court in the Debs Case it had no jurisdiction to review at that stage of the case. Meanwhile the main cause progressed, and on March 10, 1903, an interlocutory decree was entered sustaining the patent, and holding that the defendant's device infringed all three claims, 2, 4, and 11. Writ of injunction was duly issued and served, and defendant appealed. That appeal came on to be heard, and within a few days a decision has been handed down holding that, in view of the prior art, claim 2 is too broad, and therefore invalid, but affirming the Circuit Court as to claims 4 and 11.

The moving papers on this motion charge the defendant with the sale of some 30 or more infringing devices to the Denver & Northwestern Railroad Company. So far as the alleged sale was in violation of the preliminary order, the circumstance that such order was improvident, in that it was based solely upon a claim which has since been held void, is to be taken into account in determining the penalty for any such violation, and this court thinks it a sound exercise of discretion to decline to enter into an examination of the record to determine as to the fact of sale and as to whether the articles sold infringed that void claim. So far as the interlocutory decree is concerned, however, the situation is different. That decree enjoined articles made in infringement of claims 4 and 11. It was duly served, and defendant had full knowledge of its terms. In view of the fact that defendant sued out an appeal, prosecuted it, and in part succeeded, any suggestion that it did not know that its devices were condemned as infringements of claims 4 and 11, and that it was enjoined from further manufacture and sale thereof is absurd. But the moving papers are defective in that they fail to show a sale subsequent to the date when the interlocutory decree and injunction thereon was served upon defendant's solicitors, March 19, 1903. The affidavits show that an examination of the cars in which the alleged infringing valves were found showed that the "cars were dated April, 1903," and that some one "informed" one of the affiants that the cars were "set up" between the 23d and 28th of March, 1903; and that affiant "was also informed" (he does not state by whom) that all of the brake equipments were delivered by defendant on August 28, 1902. This is not sufficient to show a violation of the injunction on interlocutory decree forbidding manufacture and sale in infringement of the claims which have been sustained.

The motion is denied.