### WESTINGHOUSE AIR BRAKE CO. v. CHRISTENSEN ENGINEERING CO.

(Circuit Court, S. D. New York. June 6, 1904.)

1. INJUNCTION—ISSUANCE—NOTICE—SERVICE.

Where an injunction against the sale of a patented article was served on defendant's counsel and on the manager of its Eastern office, and a copy was sent to defendant corporation at its home office by registered mail, it was given sufficient notice to sustain proceedings for contempt for a violation thereof without actual service on the corporation at its home office.

2. SAME—CONTEMPT—MOTION TO PUNISH—NOTICE—SERVICE.

Where notice of motion to punish defendant for contempt for violating an injunction was served on defendant's counsel, who admitted service, and also on a person whom defendant advertised to be its manager in charge of its Eastern office, such notice was sufficiently served though defendant's counsel denied that they had authority to accept service of process or other papers in contempt proceedings.

Motion to Punish for Contempt for Violation of Injunction Pendente Lite.

See 128 Fed. 749.

Fred'k H. Betts, for the motion.
Wm. A. Jenner, opposed.

LACOMBE, Circuit Judge. This motion was noticed for December 11, 1903. It came on for argument some weeks later, and decision was reserved, awaiting the determination of an appeal from the interlocutory decree. The Court of Appeals having handed down an opinion in which claim 2 of the patent was not sustained, this court filed an opinion denying the application. 128 Fed. 749. Application for reargument was at once made to the Court of Appeals, and in view of that circumstance this court took no further action, and no

order was ever entered. Upon rehearing the Court of Appeals sustained the second claim, whereupon rehearing of the motion has been had. The narrative in former opinion (128 Fed. 749) sufficiently sets forth the history of the litigation.

The counsel who have appeared for defendant throughout the equity suit have appeared specially at the hearing, protesting that they are not authorized to accept service of process or other papers in criminal or contempt proceedings, or to waive any rights of said defendant; and object that this court has no jurisdiction, because notice of motion has not been duly served so as to bring defendant into court. The notice of motion was served on counsel for defendant in this suit on December 2, 1903, and they admitted service. Such notice was also served on one Randall, whom defendant advertised to be its Eastern manager, at 135 Broadway, the signs on the door of the office stating it to be the office of the Christensen Engineering Company. This would seem to be sufficient service. The injunction which it is charged defendant has violated was served in October, 1901, on counsel, on the Eastern manager, and also on the defendant itself, at Milwaukee, by registered mail. This was sufficient notice to the defendant of the pendency of the injunction. Actual service of the order upon the person sought to be restrained is not requisite.

The affidavits submitted by complainant make out a prima facie case of sale and delivery of infringing valves, especially when the shop marks on the valve (concededly made by defendant) which was submitted as one of the four sold to the Boston & Maine Railroad, and for selling which defendant was held in contempt, is compared with those on one of the thirty which were delivered to the Denver & Northwestern Railroad. As pointed out in former memorandum, the proof does not warrant a finding that sale or delivery of any of these thirty was subsequent to March 19, 1903, but it sufficiently indicates a sale subsequent to October, 1901.

This is the second violation of the same injunction, and defendant does not offer even the excuse of inadvertence which it presented before. The first fine imposed was $1,000. Under all the circumstances this one should be made much heavier, and it is fixed at $4,000; half to the United States and half to the complainant.