# In re HABERMAN MANUFACTURING COMPANY, Petitioner.

### ORIGINAL.

No number. Submitted January 30, 1893. — Decided February 6, 1893.

Under § 7 of the act of March 3, 1891, c. 517, 26 Stat. 826, 828, which provides for an appeal to the Circuit Court of Appeals from an interlocutory order or decree granting or continuing an injunction, on a hearing in equity, the granting of a stay of the operation of the injunction during the pendency of the appeal, by the court which granted or continued it, is not a matter of right, but is a matter of discretion.

Such discretion of that court cannot be controlled by a writ of mandamus from this court.

ON the 5th of January, 1893, an interlocutory decree was made, on final hearing, in a suit in equity in the Circuit Court of the United States for the Southern District of New York, brought against the Haberman Manufacturing Company, for the infringement of a patent for improvements in the manufacture of enamelled iron ware. The decree held that the patent was valid and had been infringed by the defendant, and awarded a recovery of profits, and damages, to be ascertained on a reference to a master, and also a perpetual injunction. The defendant perfected an appeal to the Circuit Court of Appeals for the Second Circuit from such interlocutory decree, and, on the 20th of January, 1893, applied to the Circuit Court for a stay of proceedings in that court pending the appeal, including a stay of the injunction, and for the acceptance and approval of a supersedeas bond for that purpose, which bond, in any amount satisfactory to the court, it offered to file. But the court denied the application. The defendant now applies to this court for leave to file a petition that a writ of mandamus issue to the judges of the Circuit Court commanding them to approve and direct the filing of a supersedeas bond in such amount as that court shall fix, to supersede the injunction, and to enter an order vacating, sus-

pending, or superseding the injunction, which was issued on January 5, 1893, and subsequently served.

*Mr. Charles E. Mitchell* and *Mr. Robert N. Kenyon* for petitioner. *Mr. W. H. Kenyon* was on the brief.

The petition which this motion asks leave to file involves the question whether upon an appeal in a patent suit taken to the United States Circuit Court of Appeals pursuant to the seventh section of the act of Congress, of March 3, 1891, 26 Stat. 826, 828, c. 517, from an interlocutory decree granting an injunction, the defendant and appellant is entitled as a matter of right to a supersedeas of the injunction pending the appeal. That section is as follows: "Sec. 7. That where, upon a hearing in equity in a District Court, or in an existing Circuit Court, an injunction shall be granted or continued by an interlocutory order or decree, in a cause in which an appeal from a final decree, may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree. granting or continuing such injunction to the Circuit Court of Appeals: *Provided*, That the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal."

The suit against this petitioner in the Circuit Court of the United States for the Southern District of New York is one for the infringement of a patent, and is therefore "a cause in which an appeal from a final decree may be taken . . . to the Circuit Court of Appeals."

Section 7 gives to a defendant taking an appeal under that section from an interlocutory order or decree granting an injunction, an absolute right to a supersedeas of the injunction pending the appeal, upon the filing of a bond satisfactory to the court. This is its plain meaning, as has been decided by Judge Jackson, Circuit Judge for the Fifth Circuit, in the case of *Pasteur* v. *Blount*, 51 Fed. Rep. 610.

Judge Jackson's opinion is supported and enforced by a consideration of the language of this section, the evident purpose of its enactment, and the previous practice and legislation which it was designed to supersede.

That it was the intention of Congress that the injunction should be stayed pending the appeal, is shown by the particular form of expression adopted in this section. The section says that " the proceedings in other respects in the court below shall not be stayed," thereby necessarily meaning " that the proceedings in some respect shall be stayed."

The phrase or expression, " the proceedings shall be stayed " or " the stay of proceedings " is shown by an examination of the statutes and cases to have a recognized and well-established meaning. It has always been used in connection with appeals and writs of error to refer to the suspension of execution under a judgment or the suspension of the enforcement of a decree. The mere taking of an appeal and the transferring of a case by such appeal from a lower to a higher court has never been termed a stay of proceedings. *Kitchen* v. *Randolph*, 93 U. S. 68; *Hogan* v. *Ross*, 11 How. 294.

The conditions and regulations prescribed by section 7 in reference to an appeal from an interlocutory order or decree, also confirm the view herein contended for, that the appeal was to operate as a stay of the injunction.

The statute provides that such appeal must be taken within thirty days. This part of the statute has no special meaning unless the statute intended that pending the appeal the injunction should be stayed. This clause was certainly not intended for the benefit of the defendant. It was a restriction upon the defendant's rights. It must then have been intended as a benefit to the complainant, to save the complainant from some hardship or injury that would otherwise result to it. The only hardship or injury that could result to a complainant from the postponement of the appeal would be in case the injunction was suspended during the appeal. If the injunction was not suspended, the delaying of the appeal would work no hardship to the complainant but, on the contrary, would benefit the complainant by giving him the monopoly of the business

during a longer period of time. Evidently this limitation of the defendant's time to appeal was put into the statute as a result of the very fact that, under the statute, the defendant was entitled to an absolute stay of the injunction pending the appeal, and it was therefore only just to make the defendant push his appeal with all possible speed.

It has always been a recognized principle of practice, that where the right to a supersedeas or a stay of proceedings was to follow an appeal or a writ of error, that right must be exercised with great promptness; and the law has always strictly and narrowly limited the time within which such right could be exercised. *Sage* v. *Central Railroad Company of Iowa*, 93 U. S. 412.

The history of the practice upon appeals and writs of error in this country and in England will show, as we believe, that this seventh section was enacted by Congress with the purpose of giving to the defendant a supersedeas of the injunction pending the appeal in order to establish what seemed to Congress the wisest and most reasonable rule of procedure in such cases.

Prior to 1772, in the English Chancery practice appeals could be taken to the House of Lords from interlocutory orders or decrees of the Chancellor, and such appeals operated as a stay of the entire proceedings in the lower court, including not only the proceedings in reference to the subject-matter of the appeal, but all the proceedings in the case of any nature whatsoever.

In 1772 it was decided that the jurisdiction of the Court of Chancery in such a case was suspended only as to the matter appealed from, but that it was not totally suspended so as to prevent a proceeding as to any other matter in the cause. *Earl of Pomfret* v. *Smith*, 4 Bro. P. C. 700. See also *Hovey* v. *McDonald*, 109 U. S. 160, and *Hart* v. *Mayor of Albany*, 3 Paige, 383.

From 1772 until 1807 it seems to have been the rule that upon such an appeal from an interlocutory order or decree the proceedings in the lower court were stayed in reference to the subject-matter appealed from, but not in other respects.

In 1807 the House of Lords adopted a rule that the proceedings in the lower court upon such an appeal should not be stayed, but that it should be within the discretion of the Chancellor to stay the proceedings pending the appeal or not, according to the circumstances of the case. The reason for this change in the rule was because the number of appeals to the House of Lords had so increased and the delay attendant upon such appeals was so great, that it was felt to be a great inconvenience and injustice to deprive the successful party in the lower court of the benefit of its decree for so long a time.

The practice established by Section 7 of the present act is an adoption of this former practice of the English Court of Chancery, but with such provisions, to wit, that the appeal must be taken within thirty days and that the case shall be preferred in the Court of Appeals, that the inconvenience and injustice inherent in this practice as it prevailed in England at the beginning of this century has been done away with.

MR. JUSTICE BLATCHFORD, after stating the case, delivered the opinion of the court.

It is contended for the petitioner that it is entitled, as a matter of right, to a supersedeas of the injunction pending the appeal, and that the Circuit Court had no discretion to refuse it. As authority for this alleged right reference is made to § 7 of the act of March 3, 1891, c. 517, 26 Stat. 828, which provides : "That where, upon a hearing in equity in a District Court, or in an existing Circuit Court, an injunction shall be granted or continued by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the Circuit Court of Appeals : *Provided*, That the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the Appellate Court ; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of said appeal."

It is clear that this is a case in which the appeal was properly taken and within the time limited; and it is contended for the petitioner that under § 7 it has an absolute right to a supersedeas of the injunction pending the appeal, on the filing of a bond satisfactory to the Circuit Court. Reference is made to the case of *Pasteur* v. *Blount*, 51 Fed. Rep. 610, in the Circuit Court for the Southern District of Ohio, where, a supersedeas having been allowed, on granting a like appeal, a motion to vacate the supersedeas was denied, the court (Jackson, Circuit Judge) saying that, under § 7, there was no discretion in the court or judge allowing the same to deny or refuse the appellant a supersedeas.

The argument made is, that the use, in § 7, of the words "in other respects," implies that there must be a stay as to the operation of an injunction, while the only discretion given is as to ordering a stay, "in other respects" than as to the injunction. But there is no express provision that the operation of the injunction must be stayed. The matter is rested wholly on implication. The defendant is sought to be protected by requiring him to take an appeal within thirty days and by giving precedence to the case in the appellate court; and discretion is given to the Circuit Court to proceed or not on the interlocutory decree pending the appeal. Where a plaintiff has an adjudication that he is entitled to an injunction, he has rights which cannot be abridged or stayed by language which is not more clear and unambiguous than that contained in § 7. The matter may be made clear by legislation. As it stands, the Circuit Court had a discretion to grant or refuse a supersedeas; and its discretion, as we have uniformly held, (*In re Hawkins, Petitioner, ante*, 486, and cases there cited,) cannot be controlled by a writ of mandamus.

*Application denied.*