# W. S. H. LOTHROP ET AL.
*v.*
# RAFAEL COLLAZO ET AL.

---

APPEALS FROM ORDERS APPOINTING RECEIVER AND GRANTING TEMPORARY INJUNCTION.

1. An appeal does not lie from this court from an order appointing a receiver or granting a temporary injunction; such orders not being final decisions within the act of April 12th, 1900, authorizing appeals to the Supreme Court of the United States.
2. Neither the act of March 3d, 1891, creating circuit courts of appeals, and regulating appeals thereto, nor the acts of February 18th, 1895, and of June 6th, 1900, relating to appeals to the circuit courts of appeals from interlocutory orders, apply to this court, from which appeals can be taken only to the Supreme Court of the United States.

November 29, 1901.

---

*Messrs. F. H. Dexter* and *Frank Howe* for complainants.

*Messrs. Pettingill & Keedy* for defendants.

HOLT, Judge, gave the following charge to the jury:

This is a motion for the allowance of an appeal from an order appointing a receiver herein, and continuing in force the preliminary restraining order previously granted, and which may now be regarded as a temporary injunction. Objection is

made to the motion. It has been carefully considered. If an appeal should be allowed, the court, in its discretion, would not permit it, considering the circumstances, to operate as a supersedeas, even by the defendants' giving bond (Re Haberman Mfg. Co. 147 U. S. 525, 37 L. ed. 266, 13 Sup. Ct. Rep. 527); but in my opinion the appeal is not authorized by law. The order is not a final, but an interlocutory, one. The act of Congress of April 12th, 1900, creating civil government in Porto Rico, provides for the granting of writs of error and appeal from the final decisions of this court to the Supreme Court of the United States. The act of March 3d, 1891, creating circuit courts of appeals, authorizes an appeal from an interlocutory order or decree granting an injunction in a case where an appeal could be had from the final decree, but this appeal is required to be to the circuit court of appeals. Formerly an appeal in such a case was not allowed. The language of the act named was extended by the act of February 18th, 1895, so that an appeal would lie to the circuit court of appeals from an interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve an injunction. By the act of June 6th, 1900, the law was further extended so as to authorize an appeal from an interlocutory order or decree appointing a receiver, provided an appeal would lie from the final judgment; but the appeal is required to be to the circuit court of appeals. Whether an appeal be from an order granting an injunction or appointing a receiver, it is expressly required to be taken to the circuit court of appeals.

Appeals from this court lie only to the Supreme Court of the United States, and there seems to be no legislation authorizing an appeal from an order of this court appointing a receiver or granting an injunction. This is confirmed by the fact that this district has never been assigned to any circuit of the court of

· Lothrop v. Collazo.

appeals.   There is reason for allowing an appeal from such
an order where the speedy determination of it can be had by
appeal to the circuit court of appeals.   The party is required
to take the appeal within thirty days, and precedence is given
the case in the appellate court; but in case of an appeal to the
Supreme Court of the United States there must necessarily be
more delay, and, as appeals lie from this court to the latter
Court only, some reason, at least, appears for Congress not hav-
ing extended the right of appeal in the case of a temporary
injunction or receiver to this court.

The motion for an appeal is, therefore, overruled.