BOSTON & M. R. CO. v. GOKEY.

(District Court, D. Vermont. January 30, 1907.)

APPEAL—EXECUTION—STAY—PENDENCY OF PROCEEDINGS FOR REVIEW.

Where a judgment of a District Court has been affirmed by the Circuit Court of Appeals and a mandate sent down, but the defeated party has promptly applied for a writ of certiorari from the Supreme Court to review the decision of the Circuit Court of Appeals, execution on the judgment will be stayed by the District Court to await the termination of such application.

On Petition for Stay of Execution.

Young & Young, for petitioner.
H. B. Howe, for petitionee.

MARTIN, District Judge. The petition in this case alleges, in substance, that the petitionee pretended to bring a suit against the petitioner, but did not make valid service, in that there was not 21 days given it to answer before the term of court to which it was called upon to answer, and that there were other defects in the service of the original process; that it appeared for the sole purpose of moving to dismiss, and to plead an abatement; that the court overruled the motion to dismiss and, upon demurrer by the petitioner to the petitionee's reply to the plea in abatement, held the abatement bad, to both of which rulings the petitioner excepted, and later plead the general issue; that the case was tried, verdict and judgment for the petitionee; that several questions arose in the trial of the case and exceptions were taken by the petitioner, and the exceptions to the Circuit Court of Appeals set forth the claimed errors on trial, and the claimed errors of the court relating to said motion to dismiss and plea in abatement; that the Circuit Court of Appeals, by a majority of the court, held as a matter of law that they could not consider the claimed errors of the court arising upon said motion to dismiss and plea in abatement, because those challenged the jurisdiction of the court; and that a jurisdictional question could only be settled by the Supreme Court. This ruling of the Circuit Court of Appeals the petitioner, by certiorari, craves the Supreme Court to review and reverse.

The record shows that the petitioner filed a bond approved by the court and obtained writ of error in ample time to stay proceedings in this court pending the appeal in the Circuit Court of Appeals, and that this court granted supersedeas accordingly; that said Court of Ap-

peals sent down its mandate in December, affirming the judgment of this court, whereupon the petitioner promptly instituted said proceedings by certiorari to the Supreme Court, which proceeding is based upon the subject-matter of the original appeal taken from this court.

Any costs and damages that the petitionee may suffer thereby will be recoverable under said bond. Execution should not issue while the case is pending on certiorari to the Supreme Court. If a hearing in that court is denied, then, unless payment is promptly made, execution will issue. If, on the contrary, it is granted, that court will stay execution unless this court has already done so. Hardeman et al. v. Anderson, 4 How. 640, 11 L. Ed. 1138; Board of Commissioners v. Gorman, 19 Wall. 661, 22 L. Ed. 226; In re Haberman Mfg. Co., 147 U. S. 525, 13 Sup. Ct. 527, 37 L. Ed. 266; Ex parte Milwaukee R. R. Co., 5 Wall. 188, 18 L. Ed. 676; Louisville & Nashville R. R. Co. v. Behlmer, 169 U. S. 644, 18 Sup. Ct. 502, 42 L. Ed. 889.

The act creating the Circuit Court of Appeals provides that a review of cases decided by said Court of Appeals may be had by the Supreme Court for manifest error, and other grounds, by writ of certiorari. It is under this provision that the petitioner is now proceeding, and evidently in good faith.

Under this state of facts I am of the opinion that the original order of supersedeas is still in force; but, that no complications may arise, I hereby direct that execution be stayed until further order of the court.