SHELBY STEEL TUBE CO. v. DELAWARE SEAMLESS TUBE CO.

(Circuit Court, E. D. Pennsylvania. June 3, 1908.)

APPEAL AND ERROR—INTERLOCUTORY DECREE AWARDING INJUNCTION—SUPERSEDEAS—POWER TO VACATE.

Where an appeal has been taken to the Circuit Court of Appeals from an interlocutory decree granting an injunction to restrain the infringement of a patent, and the Circuit Court has accepted an appeal bond and made it a supersedeas, such court has no power, after the appeal has been perfected, to suspend the operation of such bond and vacate the stay prior to the receipt of a mandate from the appellate court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2260.]

In Equity. On motion to vacate stay.

Clarence D. Kerr, C. P. Byrnes, and Thomas W. Bakewell, for the motion.

Charles K. Offield, opposed.

ARCHBALD, District Judge.[1] In the opinion heretofore filed (151 Fed. 64) the court sustained the patent and awarded an injunction, whereupon the defendants appealed, and upon giving bond the appeal

[1] Specially assigned.

was made a supersedeas. The Court of Appeals having affirmed the decision (160 Fed. 928), a motion is now made to vacate the stay; the defendants having succeeded in deferring the mandate by a petition for a rehearing, after which, if refused, notice is given of an intention to apply to the Supreme Court for a certiorari. The power of the court to remove the stay is denied by the defendants, the effect of the appeal as allowed, as it is claimed, being to prohibit further proceedings, but is maintained by the complainants on the ground that the only action sought for is the vacation by the court of its own discretionary order.

Ordinarily, under the existing federal statutes, where the proper steps have been taken, an appeal, the same as a writ of error, by operation of law acts as a supersedeas. In case, however, of an appeal from a final decree granting or dissolving an injunction, the judge who allows the appeal may in his discretion, at the time of such allowance, suspend or modify the injunction during the pendency of the appeal on such terms, as to bond or otherwise, as he may consider proper (equity rule 93); the decree, of course, where the power is not exercised, retaining its intrinsic force, and the injunction remaining operative. Hovey v. McDonald, 109 U. S. 150, 162, 3 Sup. Ct. 136, 27 L. Ed. 888. It is also further provided by the act creating the Circuit Court of Appeals (Act March 3, 1891, c. 517, § 7, 26 Stat. 828 [U. S. Comp. St. 1901, p. 550]) that, in case of an appeal from an interlocutory order granting or continuing an injunction, proceedings in the court below shall not be stayed during the pendency of the appeal, unless it is so ordered by that court, or the Court of Appeals, or one of its judges. The question is whether the suspensive character given to the appeal at the time it is allowed can be recalled at will by the court allowing it before the appeal is finally disposed of.

There is but little light thrown upon this question by the decided cases. In Black v. Zacharie, 3 How. (U. S.) 483, 11 L. Ed. 690, after a supersedeas had been allowed, on the party giving bond with accepted sureties, the order was annulled by the judge who had allowed it, the security given not being considered sufficient, and the Supreme Court refused to disturb this. But this action was taken the very next day after the supersedeas had been allowed, and within the time when the court had the right to refuse or order it, and is not, therefore, decisive. On the other hand, in Butchers' Association v. Slaughterhouse Co., 1 Woods, 50, Fed. Cas. No. 2,234, it was doubted by Judge Bradley at circuit whether he had authority to increase the amount of an appeal bond beyond that which he had previously accepted, on the ground that the jurisdiction of the Supreme Court attached by the approval of the bond, superseding further action. The case of Westinghouse Air Brake Co. v. Christensen (C. C.) 128 Fed. 749, is of no particular relevancy, the contempt proceedings there entertained, pending the appeal, being clearly justified; it being useless to retain an injunction in force unless there is authority at the same time to vindicate it. Nor is anything favorable to the complainants to be derived from Boston & Maine R. R. v. Gokey (D. C.) 150 Fed. 686, but rather the contrary; the decision there being that the supersedeas, secured at the time of the appeal, continued in force pending a petition to the Supreme Court for a certiorari, the stay of execution additionally ordered being merely out of extra caution. The case which comes near-

est to justifying the present motion is Timolat v. Philadelphia Pneumatic Tool Co., 130 Fed. 903, where a previous order granting a supersedeas was vacated on motion; the court deeming it advisable to retain the injunction in force while the appeal was pending, after having at first suspended it. But this action, like that in Black v. Zacharie, was evidently taken while the case was still in the grasp of the court, or at least was so regarded, which may account for its authority not being questioned. No doubt, as declared in the Haberman Case, 147 U. S. 525, 13 Sup. Ct. 527, 37 L. Ed. 266, discretion is given to the lower court "to proceed or not on the interlocutory decree pending the appeal." But this means no more than that, in granting the appeal, it may reserve the right to do so.

Proceeding, then, to dispose of the case on principle, the better view would seem to be that, the court being called upon to decide, at the time of allowing the appeal, the effect to be given to it, and having decided either that the injunction is to be retained or that it is to be superseded, no authority exists to subsequently modify this. By the express terms of the rule the order is to be made "at the time of such allowance," which implies a single definite action, taken in that immediate connection, giving character to the appeal once for all; the injunction continuing in force as of course in the absence of it. Moreover, the stay, if allowed, is to be during the pendency of the appeal, which means until the mandate comes down; that being the only way by which the lower court is advised of the final disposition of the case. Durant v. Essex County, 101 U. S. 555, 25 L. Ed. 961; 13 Ency. Plead. & Prac. 837. There is nothing to sanction the splitting up of this period, recognizing the suspensive character of the appeal so long as the court deems it advisable, and then disregarding it. This may not be so clear with regard to the Court of Appeals act, by which the case is more immediately governed; but it is sufficiently so, and, even if it were more doubtful than it is, it is to be construed, if possible, the same way as the rule, for the sake of uniformity. In either case, the appellant having been required to give bond—where that is exacted, as it usually will be—and having been put to the trouble, if not the expense, of doing so, the undertaking being for the whole period of the appeal, and the appellee having the benefit of it, the arrangement, not to say bargain, so made is to be adhered to, as to the one party the same as the other, and not changed according to the shifting views of the court, overturning expectations rightfully based upon it. If this does not sufficiently safeguard the interests of the appellee, the appellate court is always open to him. Rubber Co. v. Goodyear, 6 Wall. (U. S.) 153, 156, 18 L. Ed. 762; French v. Shoemaker, 12 Wall. (U. S.) 86, 99, 20 L. Ed. 270; Jerome v. McCarter, 21 Wall. (U. S.) 17, 31, 22 L. Ed. 515.

While, then, as intimated at the argument, I might be inclined to recall the stay, in view of the protracted character of the appeal, and, indeed, might not have originally granted it at all, had I realized how liberally it was to be indulged in, having suspended the injunction and required a bond, I am of the opinion that I have no authority to undo this, and that the suspensive character given to the appeal must continue.

The motion to vacate the stay is overruled.