CHADELOID CHEMICAL CO. v. H. B. CHALMERS CO. et al.

(Circuit Court of Appeals, Second Circuit. April 5, 1917.)

1. MOTIONS ⬚42—RENEWAL—RECONSIDERATION.

Under Judicial Code (Act March 3, 1911, c. 231) § 129, 36 Stat. 1134 (Comp. St. 1916, § 1121), providing that, on appeal from interlocutory injunctions, etc., the proceedings in other respects shall not be stayed unless otherwise ordered by the District Court, or the appellate court or a judge thereof, where, pending an appeal from an interlocutory decree ordering defendant to assign certain patents and all rights to damages and profits for infringement thereof to complainant, enjoining defendant from using the inventions, or making, selling, or using the patented article, and ordering an accounting, the trial judge denied a stay, except upon the giving of a bond, a Circuit Judge will not reconsider the matter upon the renewal of the motion for a stay before him.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 53, 54.].

2. APPEAL AND ERROR ⬚458(3)—INJUNCTION ⬚134—STAY OR INJUNCTION PENDING APPEAL.

The injunction would not be stayed pending the appeal, nor would complainant be enjoined from bringing suits for infringement of the patents involved pending the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2223, 2224; Injunction, Cent. Dig. § 303.]

Appeal from the District Court of the United States for the Southern District of New York.

Action by the Chadeloid Chemical Company against the H. B. Chalmers Company and another. From an interlocutory decree, defendants appeal. On application to a Circuit Judge for an injunction and stay. Motion denied.

William Houston Kenyon and Gorham Crosby, both of New York City, for appellants.

Frederick S. Duncan, of New York City, for appellee.

Before WARD, Circuit Judge.

WARD, Circuit Judge. Judge Manton in this suit entered an interlocutory decree requiring the defendant H. B. Chalmers to specifically perform certain covenants in an agreement between him and others of the one part and the complainant of the other part, and he further ordered the defendant H. B. Chalmers Company to assign to the complainant three patents and all rights to damages and profits for infringement of the same. This has been done. He further enjoined the defendant from using the inventions covered by the said patents, and from making, selling, or using the paint remover heretofore made under the said patents and sold by the defendants under certain trade-names; and he further ordered the defendants to pay over to the complainant all profits received by them, and damages sustained by the complainant by reason of such manufacture, sale, or use, and directed an accounting for the ascertainment of the same.

Upon an application to stay the accounting Judge Manton directed that it should be stayed upon the defendants giving bond in the sum

of $30,000 to pay anything that might be found due from them. The defendants have appealed to the Circuit Court of Appeals, under section 129 of the Judicial Code, from the interlocutory injunction. The section provides that:

"The proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court or a judge thereof, during the pendency of such appeal."

The defendants now renew before me the motion to stay the accounting pending appeal, and further move that, pending appeal, the complainant be enjoined from bringing any action for infringement of said letters patent assigned to it, either against them or their customers, and finally that the injunction be stayed.

[1] I have, of course, nothing to do with the merits of the case, and must take the decree to be right in all respects; errors, if any, will be corrected on appeal. I think it bad practice to renew before me the motion to stay the accounting heretofore disposed of by Judge Manton, and his conclusion will not be reconsidered.

[2] The complainant having succeeded so far, I do not see any sufficient reason why it should be deprived, pending appeal, of its right to bring suits for infringement, or why the defendants should be relieved of the operation of the injunction until its appeal is decided, which may not be for six months. The hardships the defendants complain of, and which they wish to escape by help of the court, are the result of defeat.

The motion is denied.