FRANCISCO BIANCHI AND ROSARIO B. DE ESTEVE, Complainants,

*v.*

SOBRINOS DE EZQUIAGA AND BANK OF NOVA SCOTIA, Dfts.

---

San Juan, Equity, No. 1185.

RESTRAINING ORDER.

Supersedeas—Lack of Jurisdiction of Court.

1. Where in an equity proceeding the district court dissolves

a temporary restraining order and dismisses the bill by reason of lack of jurisdiction, the complainant has a right to ask for an order in the nature of a supersedeas, the giving of which rests within the discretion of the district judge.

**Supersedeas—Granted if Defendants Will Not Suffer.**

2. Where the court is satisfied that the interests of the defendants will not suffer by the granting of such stay based upon a sufficient bond in connection with the appeal to the circuit court of appeals, an order may be made to that effect.

Opinion filed January 9, 1923.

*Mr. Cayetano Coll y Cuchi* for complainants.

*Mr. J. Henri Brown* for defendants.

ODLIN, Judge, delivered the following opinion:

Shortly after counsel for the complainants in this proceeding entered his appeal to the circuit court of appeals for the first circuit from the order of this court dissolving the temporary restraining order and dismissing the bill by reason of lack of jurisdiction, notice was served by said counsel for the complainants upon counsel for the defendants of an application to me for an order in the nature of a supersedeas, which would be in effect a restoring of the temporary restraining order upon a bond being given by the complainants to the defendants to secure the rights of the latter in the event that the decision

Bianchi v. Sobrinos de Ezquiaga.

of this court dismissing the bill shall be affirmed by the said appellate court.

Counsel for the defendants objected to any action by this court in the nature of a stay or a supersedeas, and the matter has been carefully argued by both the able counsel engaged in this litigation. During the argument it was admitted by both counsel that the real estate covered by the mortgage in question is under lease to third parties for nine years longer and that the present lessees will be entitled to remain in possession as long as they comply with the terms of the lease, regardless of the outcome of the sale under the foreclosure proceedings, whether such sale shall take place before the hearing of this appeal at Boston, or afterwards. During the argument by counsel for the defendants reference was made to the Federal Equity Rule No. 93 as promulgated in 1878 by the United States Supreme Court. But it was of course admitted that this Rule 93 had been enlarged by the New Rule No. 74 promulgated in 1912, which reads as follows: "When an appeal from a final decree, in an equity suit, granting or dissolving an injunction, is allowed by a justice or a judge who took part in the decision of the cause, he may, in his discretion, at the time of such allowance, make an order suspending, modifying or restoring the injunction during the pendency of the appeal, upon such terms, as to bond or otherwise, as he may consider proper for the security of the rights of the opposite party."

It will be observed that this later rule contains the words "or restoring" added to the former rule. It is very clear, and in fact admitted by both counsel, that if I had in the present case issued a preliminary injunction which became dis-

Bianchi v. Sobrinos de Ezquiaga.

solved automatically upon the dismissal of the bill, it would rest within my discretion whether to grant or deny the present application for a supersedeas. This must be so in accordance with the rule as set forth in the decision of the United States Supreme Court in Re Haberman Mfg. Co. 147 U. S. 525, 37 L. ed. 266, 13 Sup. Ct. Rep. 527, with special reference to the language found on page 530. But counsel for the defendants argues that inasmuch as I never granted any preliminary injunction in this case but merely a temporary restraining order, the case of the complainants is not in such a condition as to vest in me any power whatever to grant a supersedeas.

If I were passing upon this matter in Maine or in Rhode Island I would deny the application for a supersedeas and require counsel for the complainants to present his application to one of the judges of the circuit court of appeals at Boston. But I am convinced that I not only have the right but that it is my duty to take into consideration the geographical isolation of the Island of Porto Rico, largely because of the important and admirably framed opinion of the late Judge Aldrich while sitting as a member of the Boston court of appeals in the case of Benedicto v. West India & P. Teleg. Co. decided March 19, 1919, reported in 167 C. C. A. 545, 256 Fed. 417. Judge Aldrich in that case held that my predecessor, the Honorable Peter J. Hamilton, did have power to grant a preliminary injunction restraining action by Insular officers of the Porto Rican government on the ground of the unconstitutionality of such statute, without waiting for two other district judges to sit with him upon the hearing, as provided in § 266 of the Judicial Code. Judge Aldrich,

Bianchi v. Sobrinos de Ezquiaga.

speaking for the Boston court, observes in one of the paragraphs of his opinion found on page 419 that this § 266 of the Judicial Code was not intended by the Congress to be made applicable to Porto Rico, because the administration in this Island of the provision for three judges would be locally inconvenient and practically inapplicable.

In passing upon this matter I cannot assume of course, as counsel for the defendants assumes, that no member of the Boston court would grant a supersedeas if application were made to such appellate judge. There is only a prima facie presumption that my decision in this case will be upheld.

If I deny this application for a stay, and my decision as to the jurisdiction of this court shall be reversed at Boston, serious damage may result to the complainants, or their counsel will be required to make the long journey to Boston and apply to one of the judges there for a stay, which might require so much time as to be ineffective, inasmuch as the sale under the pending foreclosure proceedings might be had before the hearing at Boston.

On the other hand, if I grant the stay and my decision upon the main case shall be upheld at Boston, any possible injury that the defendants may suffer will be fully protected by the bond which the complainants say they are perfectly willing to give. This bond, the amount of which has been suggested by counsel for the complainants in the sum of $25,000, is more than ample to compensate the defendants for any possible loss, damage, or injury which they may suffer if my decision heretofore rendered shall be affirmed at Boston.

Therefore, being convinced as I am that Rule 74 above quoted as adopted by the Supreme Court of the United States

Bianchi v. Sobrinos de Ezquiaga.

in 1912 should not receive in Porto Rico the narrow construction contended for by counsel for the defendants, and that the word "injunction" should be construed to mean not only a preliminary order of injunction but also a temporary restraining order; and being further convinced that I ought not to put the complainants to the expense, and perhaps impossibility of presenting this matter to one of the higher judges at Boston in time, it is ordered, that upon the complainants in the present case filing a bond in the sum of $25,-000 payable to the defendants, with good and sufficient security, to secure the rights of the defendants in the event of the decision of this court denying jurisdiction shall be upheld, the temporary restraining order heretofore issued by me in this case shall be restored and be in full force for 90 days from this date, or until such action as may be taken by the court of appeals at Boston.

Done and Ordered at San Juan, Porto Rico, this 9th day of January, 1923.