## VACUUM OIL CO. v. GRABLER MFG. CO.

Circuit Court of Appeals, Sixth Circuit.
May 11, 1931.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

### PER CURIAM.

This question arises in an appeal from the usual interlocutory decree finding a patent valid and infringed, and directing injunction and accounting. The appeal was allowed by the District Court. No request was made to that court in that connection to stay the in-

junction or otherwise suspend proceedings pending the appeal; and accordingly (it is to be assumed) the usual injunction has issued. Application is now made to this court to suspend or stay it. We see no reason to doubt that this court has jurisdiction so to do, in aid of its general appellate jurisdiction over the cause; but, however that may be, such power of suspension is expressly given to this court by the latter part of section 129 of the Judicial Code (section 227, tit. 28, USCA). The extent to which it might be proper to revise or review the discretion which the District Court had once exercised on that subject, need not now be considered; the question arises originally here.

■ Doubtless, the action to be taken upon this subject is a matter to be controlled by our discretion (In re Haberman Mfg. Co., 147 U. S. 525, 529, 13 S. Ct. 527, 37 L. Ed. 266); but that discretion should be variously affected by circumstances characteristic of different classes of cases. Where a temporary or preliminary injunction is issued as an extraordinary measure of relief to prevent irreparable injury or to preserve the status quo until the case can be heard, it is normally inappropriate that such injunction should be ipso facto suspended by appeal; and accordingly it will usually not be stayed unless upon conditions which neutralize the emergency calling for its issue. An injunction issued in a patent case, after the "final" hearing, is in form interlocutory, but is final in its effect, while it exists. Such an injunction is the final relief which the bill seeks. It is not issued like the ordinary preliminary injunction, after balancing equities and for the purpose of preserving the subject-matter of the litigation; it is itself execution. The subject-matter is the defendant's right to make, sell, or use as he is doing; the injunction destroys this subject-matter, pro tanto, while in force. The considerations which make it prima facie proper that the class of injunctions first above named continue pending appeal, either do not apply, or apply with less force to this particular type of interlocutory injunction. In the very common case—if not the typical case—a plaintiff-patentee does not suffer from the lack of injunction during the pendency of the appeal excepting as to the infringement which occurs during that period; and as against that additional infringement he can usually be amply protected by bond. If for any special reason the bond should also cover past infringements, it can be so provided. Also it often happens that the maintenance of this type of injunction pending an appeal may do injury which, if the decree is reversed, will be irreparable. It may require the closing of a factory and the practical destruction of a business, or the ceasing to use and compelling the practically permanent abandonment of a valuable structure. When the patentee's right to injunction has become final by the action of the appellate court, or by failure to invoke such action, it may well be that he may use this right to enforce arbitrary terms of settlement; but one of the objects of allowing this kind of appeal is to give the right of review before it becomes useless through the execution of the decree appealed from.

■ We think therefore that, in the exercise of its discretion, and in the usual case, this court should suspend this particular type of injunction pending the appeal, unless it appears that the patentee's substantial rights will be injured if the injunction is not continued in force. These considerations apply of course to that continued conduct of the defendant's business or to that use which is merely a maintenance of the situation existing at the time of the decree, and not to any infringement initiated, wholly or substantially, pending the appeal.

So far as there has prevailed in this circuit the practice of refusing to stay the injunction upon this particular appeal, it has been based upon the theory that the injunction was part of those "proceedings in other respects in the District Court" which section 227 said should not be stayed "unless, etc.," thus raising a presumption that the injunction should continue in force and putting the burden upon the appellant to show some special equity for its suspension. Section 227a, Tit. 28, USCA, passed February 28, 1927, seems to remove any such presumption. It covers specifically this particular kind of decree, and the implied disapproval of a stay is made to apply, not to "proceedings in other respects" (thus including the injunction), but only to "proceedings upon the accounting."

In the present case the patent covers a sign and its method of manufacture. The District Court held that the method claim had been contributorily infringed because the defendant had procured the manufacture of a large number (60,000) of such signs, and that the article claims were infringed by the use of the signs as so manufactured. The signs having been manufactured and paid for and the patentee's right to recover full damages having thereby accrued, it is not at once apparent how its legal or equitable rights will be further impaired by the continued use pending the appeal of the signs already in-

stalled. The pecuniary responsibility of the defendant does not seem to be doubted. Under these conditions, and assuming that defendant's disclaimer of any intention to install more signs may be accepted, we see no occasion for a bond. However, we will entertain any application on that subject which appellee wishes to present.

The present order will be that the interlocutory injunction ordered by the decree appealed from be stayed and suspended pending the appeal to this extent: It shall not apply to nor prevent the continued use by the appellant pending the appeal of those alleged infringing signs which the appellant at the date of the interlocutory decree was using directly or indirectly throughout the country; and the injunction is hereby modified accordingly as of its date of issue.