### SOMMER v. ROTARY LIFT CO. et al. *
### No. 6847.

Circuit Court of Appeals, Ninth Circuit.
May 16, 1932.

*Rehearing denied June 24, 1932.

Raymond Ives Blakeslee and Kelly L. Taulbee, both of Los Angeles, Cal., for appellant.

Lynn A. Williams, of Chicago, Ill., and Chas. M. Fryer and A. C. Aurich, both of San Francisco, Cal., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

An appeal had been taken to this court by the defendant H. C. Sommer from an interlocutory injunction in a case alleging infringement of a patent owned by the plaintiff Lunati and licensed to plaintiff Rotary Lift Company. The appeal was allowed by the judge of the District Court who tried the case and a cost bond in the sum of $250 fixed. The court declined to fix a supersedeas bond and denied the application of the defendant-appellant therefor. Thereupon application was made to Circuit Judge Wilbur of this court for a writ of supersedeas, and the application was granted upon the condition that the defendant-appellant file a $5,000 bond. Appellant finds himself unable to give so large a bond and petitioned for a reduction of the amount of the bond to $2,500; that being the amount of bond required by the District Court upon the granting of an application for preliminary injunction. On the other hand, the appellees moved the court to revoke the order made by Circuit Judge Wilbur upon the ground that the judge had no power to grant such a writ under the circumstances, and upon the further ground that, if such power existed, the exercise thereof was an abuse of discretion.

The power to grant such an order is provided for by statute. 28 USCA § 227; In re Haberman Manufacturing Co., 147 U. S. 525, 13 S. Ct. 527, 37 L. Ed. 266. It may be conceded that ordinarily an application for such a supersedeas after denial thereof by the trial court should not be granted. American Strawboard Co. v. Indianapolis Water Co. (C. C. A.) 81 F. 423; Chadeloid Chemical Co. v. H. B. Chalmers Co. (C. C. A.) 242 F. 71. The action of the trial judge in refusing a supersedeas cannot be reviewed on appeal. City of Shelbyville, Ky. v. Glover (C. C. A.) 184 F. 234.

It is apparent that the appeal from the order granting a preliminary injunction will be of little value to the defendant if a writ

of supersedeas is not granted. The defendant has apparently established in California the business of manufacturing hydraulic lifts for use in raising automobiles at service stations so far above the ground as to permit servicing of the under part of the car. We do not upon this application consider the question of validity of the patent or its infringement for the record is not here. It is manifest, however, and it was conceded upon the argument, that no broad patent upon such a device could be valid. The defendant claims that the effect of the preliminary injunction will be to absolutely destroy his business and that he will be irreparably injured thereby, and this seems to be a reasonable conclusion from the fact that the defendant has established a relatively small business and that the field for distribution of such device and the number thereof likely to be manufactured are comparatively small. To absolutely prohibit him from going forward with his business pending the litigation would, as he alleges, destroy that business. On the other hand, although the plaintiffs claim irreparable injury, it is manifest that this claim cannot be sustained. In the first place, if plaintiffs can maintain their complaint, the defendant in manufacturing this device must pay to plaintiffs such reasonable amounts as may be awarded to them for such infringement and are secured in such payment by the bond furnished by the defendant. The plaintiffs, as appears, have a business of nation-wide scope, and it is difficult to see how they would be irreparably injured by the continuance of defendant's business. The infringement case had been pending in the trial court for eleven months before the preliminary injunction was issued, and the affidavits show there had been numerous delays at the request of plaintiffs' counsel. It was claimed that the record shows that the plaintiffs did a business aggregating over $681,000 during the year 1930, and that the business done by the defendant was relatively insignificant, the exact amount thereof not being stated in the affidavit. The amount of the bond required by the trial court upon the issuance of the preliminary injunction would indicate that the amount of business done by the defendant is comparatively insignificant. The fact that the trial court referred the matter to a special master to avoid consideration of the large mass of evidence and extensive phases of patent law submitted by the parties in connection with the argument on motion for preliminary injunction indicates the difficulty the trial judge had in reaching the conclusion as to the propriety of such an injunction.

On the whole, we are inclined to let the order heretofore made stand without modification. So ordered.