**WAGNER SIGN SERVICE, Inc., v. MID-WEST NEWS REEL THEATRES, Inc.**

**No. 7504.**

Circuit Court of Appeals, Seventh Circuit.
April 18, 1941.

Rehearing Denied June 11, 1941.

Albert F. Mecklenburger, Max W. Zabel, and Edward U. Dithmar, all of Chicago, Ill., for appellant.

Albert G. McCaleb, of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and BRIGGLE, District Judge.

MAJOR, Circuit Judge.

This is an appeal from a preliminary injunction order entered October 21, 1940, restraining the defendant, its officers, etc., "from using or selling, or otherwise vending the silhouette sign, of the notched-flanged letter-type, now or heretofore in use at the defendant's Telenews Theatre, 150 North State Street, Chicago * * * in * * * infringement of United States Letters Patent to Wagner, No. 2,048,040 * * *." The cause is an aftermath of Case No. 7043, lately before this court, wherein Wagner Sign Service, Inc., was plaintiff-appellee, and Ben Adler Signs, Inc., and Adler Sign Letter Company were defendants-appellants (7 Cir., 112 F.2d 264). In that case it was held by the District Court that Adler infringed the Wagner patent by the manufacture and sale, both of the notched-flanged and the lug-type of letter sign equipment. On June 21, 1939, an interlocutory decree for injunction and accounting was entered against Adler. In this court, the decree was affirmed as to the notched-type of letter, but reversed as to the lug-type.

In connection with the former appeal, the court granted a supersedeas upon the giving of a supersedeas bond in the sum of $9,000 which was furnished by Adler. On June 29, 1940, the lower court entered its decree in conformity with the mandate of this court, by which Adler, as in the former interlocutory decree, was permanently enjoined from making, using or selling a sign structure with letters of the notched-flanged type. In addition, Wagner was awarded recovery of all damages sustained by it and all profits made by Adler by reason of such infringement. The cause was referred to a Special Master in Chancery to take and report an account of such dam-

ages and profits. This proceeding before the Special Master, shortly thereafter begun, has not been completed. The supersedeas bond filed June 24, 1939, was in conformity with Rule 73 (d) of the Rules of Civil Procedure, Title 28, U.S.C.A. following section 723c, and obligated Adler to "satisfy the judgment in full."

It is not disputed but that the notched-flanged letter equipment now used by the defendant and involved in the instant case is covered by the Wagner patent. The record does not disclose the exact date such equipment was acquired by the defendant, but, admittedly, it was purchased from Adler, the manufacturer, for a sum of not less than $650 shortly after the entry of the interlocutory decree and the supersedeas bond, and pending the appeal in the former case. Both Wagner and Adler are engaged solely in the business of manufacture and sale, while the defendant has no connection with, or interest in, the equipment in controversy, except that of a user. Wagner does not exact a royalty from its customers, and its sole profit is derived from manufacture and sale.

It is defendant's contention that there was no valid basis for the injunction order appealed from, for the reason that it purchased the equipment from Adler, the manufacturer, who is required by decree to account to Wagner for all profits and damages occasioned by such manufacture and sale, and who has furnished bond in conformity with Rule 73 (d) to secure the payment of the same in full. Plaintiff argues that it has never been compensated by recovery or otherwise for the manufacture or sale of the equipment in question and, therefore, it is entitled to proceed by injunction against the defendant, as the purchaser and user thereof.

A study of the many authorities cited and discussed by the respective parties leads us to the conclusion that it is the generally accepted doctrine that where a patentee has been fully compensated by an infringing manufacturer for the manufacture and sale of the infringing device, the patentee has no recourse against a customer of such infringing manufacture who is solely a user of such device. As was stated in Union Tool Company v. Wilson, 259 U.S. 107, 113, 42 S.Ct. 427, 429, 66 L.Ed. 848: "* * * A patentee, in demanding and receiving full compensation for the wrongful use of his invention in devices made and sold by a manufacturer adopts the sales as though made by himself, and therefore necessarily licenses the use of the devices, and frees them from the monopoly of the patent. * * *"

It is true that case was decided in favor of the patentee for the reason that he had not "received any compensation whatever for the infringement by use of these machines." In the instant case, admittedly, plaintiff has actually received no compensation from Adler on account of the manufacture and sale of the infringing device in controversy. It does, however, have a decree in its favor for an accounting of all profits and damages, and a supersedeas bond which assures the payment of all profits and damages ascertained to be owing in the accounting suit.[1]

The real question presented for decision is that occasioned by the existence of the supersedeas bond. Should the protection afforded plaintiff by that bond be treated in lieu of or the equivalent to actual compensation paid by Adler? If so, plaintiff should not be permitted to maintain the instant action. Otherwise, the order appealed from was proper. We are cited to no authority and are unable to find any where this precise question has been decided. Plaintiff stresses Birdsell v. Shaliol, 112 U.S. 485, 5 S.Ct. 244, 28 L.Ed. 768, as sustaining its right to injunction. This case has furnished a fertile field for much controversy in subsequent decisions by inferior courts. Oftentimes, as here, it is cited and relied upon by both sides. The most that may be said of it, so far as applicable to the instant situation, is that a patentee is not precluded from proceeding against the user of an infringing device until full compensation has been received from the infringing manufacturer and seller. No supersedeas bond was involved and, therefore, the instant question was not considered. Plaintiff also points out that this court in Directoplate Corp. v. Huebner-Bleistein Patents Co., 7 Cir., 44 F.2d 783, followed the decision in the Birdsell case. This apparently is correct, as the court refused to enjoin the plaintiff from maintaining suits against the customers of the infringing manufacturer where the latter had been required to account for damages

---

[1] It is to be observed that no question is raised on the record but that the bond is ample to protect plaintiff in any judgment which it may obtain in the accounting suit.

and profits, but where no compensation had been received by the plaintiff. Again no supersedeas bond was involved and the question now presented was not considered.

A number of other cases relied upon by the plaintiff were against the retail purchaser of the infringing defendant.[2] The same court which granted an injunction in the Wilson case (see page 673 of 265 F.), where the defendant was a retailer, had previously, in Stebler v. Riverside Heights Orange Growers' Ass'n, 9 Cir., 214 F. 550, denied an injunction where the defendant was a mere user.

██ Defendant argues that the sale to it of the infringing device by Adler, made during the pendency of the appeal in the former case, was made with the sanction of the court. In other words, Adler had a right to make the sale, which carried with it the right of use by the defendant as a purchaser thereof. It is further argued that there was an implied warranty from which Adler would suffer double liability if it be required to make good, both on its warranty to the defendant, and satisfaction of a judgment for profits and damages in favor of Wagner.[3] The plaintiff contends that such a position would be tantamount to construing the supersedeas as a license to Adler to manufacture and sell the infringing device. We do not believe it is necessary to determine the exact status of the situation by reason of the allowance of the supersedeas. Undoubtedly, the supersedeas stayed the injunction and to that extent was an abridgement of Wagner's rights. See discussion In re Haberman Mfg. Co., Petitioner, 147 U.S. 525, 13 S.Ct. 527, 37 L.Ed. 266. Plaintiff, both in its brief and in oral argument, advances the theory that the only effect of the supersedeas was to save Adler from the pains of punishment for contempt if the infringing device was sold pending appeal. It is our view that this position is not tenable. A supersedeas without bond might have such limited effect, but when a bond is given, the effect is of wider scope. The bond, as we view the matter, was for the protection of both. It was an assurance to Wagner that if finally successful in his litigation, he would be fully compensated for all damages and profits occasioned by the manufacture and sale by Adler of the infringing device, to the time of final accounting.

██ Wagner, evidently realizing his precarious position in this respect, made a conditional offer in the District Court to waive damages against Adler on account of the sale and installation of the equipment in the instant case subject to the condition "should the court believe that action desirable." In this court, it is argued "* * * there is today no reason to believe that plaintiff ever will recover (or would accept if it could recover) damages from the Adler Company on account of the particular sign equipment purchased and used by the defendant," and further, that it "may waive recovery of any damages with respect to that particular equipment." If Wagner is entitled to an injunction, why talk about waiving damages in the accounting suit? The decision here must be made upon the record as presented, which discloses a decree in favor of Wagner for all profits and damages occasioned by all sales on the part of Adler, including the one involved in the instant case. If, as appears from Wagner's argument with reference to waiver, any question of election is involved, then that election has already been made by obtaining a decree for an accounting as to damages and profits. Having made that election, it would appear that an offer of waiver, in order to maintain the instant suit, should not be permitted. When the accounting is completed and Wagner obtains a judgment against Adler for complete compensation, which is satisfied by Adler, then we think, under the authorities heretofore cited, that the use of the device in question by the instant defendant will be freed of any right or claim on the part of Wagner. The bond assures that such satisfaction will be had.

By reason of the order in question, Adler, so it would appear, will be required to make good to the defendant in the instant case on its warranty of sale. He is already obligated to make good to Wagner under the supersedeas bond. If Wagner, in the accounting proceeding, desires to waive all

[2] Kryptok Co. v. Stead Lens Co., 8 Cir., 190 F. 767, 770, 39 L.R.A.,N.S., 1; Wagner et al. v. Meccano, Ltd., 6 Cir., 239 F. 901, 902; Meccano, Ltd., v. John Wanamaker, New York, D.C., 241 F. 133; Wilson v. Union Tool Co., 9 Cir., 265 F. 669, 673.

[3] Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co., C.C., 121 F. 101, 102; General Chemical Co. v. Standard Wholesale Phosphate & Acid Works, Inc., 4 Cir., 101 F.2d 178, 179.

damages and profits against Adler on account of this sale, a different situation may be presented, which is not necessary to discuss or decide at this moment. It will be time enough to cross that bridge when it is reached. It is our judgment that the same reason which the courts have applied when the patentee has been fully compensated for profits and damages resulting from the manufacture and sale of an infringing device, should be applied in the instant situation where the patentee has been assured by a supersedeas bond that such profits and damages will be paid when ascertained.

Plaintiff's claim that it has been and will continue to be greatly damaged by the use of the device in question is, in our judgment, grossly exaggerated. It points out that the defendant's theatre is located in a prominent place in the heart of the Chicago motion picture theatre district and compels unusual attention and discussion among theatre owners and dealers in theatre supplies, which has meant the loss to plaintiff of the sales of many signs. Not a single lost sale, however, has been shown. It also accuses Adler of circularizing the trade subsequently to the decision in the former case, in an unfair manner. The letter relied on, however, in support of this statement, when taken as a whole, furnishes feeble, if any, support. It is claimed that money damages, even when recovered, will be no adequate measure of compensation. Such recovery, however, as already shown, frees the use of the infringing device. The climax of its exaggeration is reached when it states: "By reason of its advertising value defendant's sign draws patrons like bees to sugar—but it's not into any theatre of plaintiff's they swarm."

We doubt if one patron in a thousand knows or cares whether the sign displayed in front of the defendant's theatre is of the notched-flanged type owned by Wagner, or the lug-type owned by Adler. What is meant by "any theatre of plaintiff's" we do not know. The record discloses that Wagner is not in the theatre business.

We are therefore convinced that plaintiff, having elected to obtain a judgment for all profits and damages which it may prove, and having assurance in the form of a bond that such judgment will be satisfied, is in no position to complain of the mere use of the device by the defendant. It follows, in our view of the matter, that the injunction was improvidently granted. As to what

may be the situation when the accounting suit is completed, we leave for subsequent events to disclose.

The order appealed from is therefore reversed.