**HEAVY DUTY HAULERS, INC.,**
Plaintiff,

v.

**UNITED STATES of America and Interstate Commerce Commission,**
Defendants.

Civ. A. No. AC–1618.

United States District Court
D. South Carolina,
Columbia Division.

Nov. 21, 1968.

Irvine F. Belser, Jr., Columbia, S. C., Leonard A. Jaskiewicz and J. William Cain, Jr., Washington, D. C., for plaintiff.

Edwin M. Zimmerman, Asst. Atty. Gen., George Edelstein, Dept. of Justice, Washington, D. C., Klyde Robinson, U. S. Atty. for Dist. of S. C., Columbia, S. C., for United States.

Robert W. Ginnane, Gen. Counsel, I. C. C., Washington, D. C., and Betty Jo Christian, Atty., I. C. C., Washington, D. C., for Interstate Commerce Commission.

HEMPHILL, District Judge.

On October 25, 1968, this court issued its opinion and order denying plaintiff relief from a ruling of the Interstate Commerce Commission issued December 7, 1964 as culmination of an investigation proceeding 293 F.Supp. 879. The 1968 order effectively terminated a proceeding before a statutory[1] court which was called to decision as a result of plaintiff's

---

1. 28 U.S.C. § 2284. Three-judge district court; composition; procedure

In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows:

(1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding.

(2) * * * If the action involves the enforcement, operation or execution of an Act of Congress or an order of any department or agency of the United States, at least five days' notice of the hearing shall be given to the Attorney General of the United States, to the United States Attorney for the district, and to such other persons as may be defendants.

Such notice shall be given by registered mail or by certified mail by the clerk and shall be complete on the mailing thereof.

(3) In any such case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage. The order, unless previously revoked by the district judge, shall remain in force only until the hearing and determination by the full court. It shall contain a specific finding, based upon evidence submitted to such judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted.

(4) In any such case the application shall be given precedence and assigned for a hearing at the earliest practicable day. Two judges must concur in granting the application.

(5) Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing.

A district court of three judges shall, before final hearing, stay any action pending therein to enjoin, suspend or restrain the enforcement or execution of a State statute or order thereunder, whenever it appears that a State court of competent jurisdiction has stayed proceedings under such statute or order pending the determination in such State court of an action to enforce the same. If the action in the State court is not prosecuted diligently and in good faith, the district court of three judges may vacate its stay after hearing upon ten days notice served upon the attorney general of the State.

28 U.S.C. § 2325. Injunction; three-judge court required. An interlocutory or permanent injunction restraining the enforcement, operation or execution, in whole or in part, of any order of the Interstate Commerce Commission shall

complaint of January 11, 1965. In the ensuing years proceedings had been postponed from time to time, usually to convenience plaintiff or plaintiff's counsel. On January 11, 1965, this court issued its restraining order to the Commission prohibiting enforcement *pendente lite*. Through the years the government has not made strenuous objection to the restraining order. The October 25 ruling struck down the restraining order.

On November 4, 1968, plaintiff[2] filed its motion for an order "modifying and amending the opinion and order of this court filed October 25, 1968, so as to continue and extend the temporary restraining order heretofore issued herein by this court as the application of Heavy Duty Haulers, Inc. * * * (Docket No. MC 109430 Sub 11) presently pending before the Interstate Commission is finally decided." With expressed misgivings, a single judge of this court restrained enforcement until the motion could be heard. Arguments were presented before the single judge on November 14, 1968. The government vigorously opposed the motion.

Plaintiff's counsel stated that an appeal had not been noticed; the official file reflects none. Therefore, Rule 62(c)[3] does not apply. Rule 60(b)(6) is the possible avenue of relief and provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (6) any other reason justifying relief from the operation of the judgment.

Plaintiff's counsel, in oral argument, stated that seventy (70) percent of plaintiff's operations were in violation of the Commission's Order of 1964 and for the first nine months of 1968 were:[4]

| | TOTAL INTERSTATE REVENUE | TOTAL REVENUE ON COMMODITIES CONSIDERED NOT ROAD BUILDING MACH. |
|---|---|---|
| January, 1968 | 8,536.98 | 5,020.74 |
| February, 1968 | 23,432.00 | 9,730.26 |
| March, 1968 | 26,953.80 | 17,588.53 |
| April, 1968 | 26,379.27 | 20,916.21 |
| May, 1968 | 22,663.67 | 18,154.10 |
| June, 1968 | 20,841.52 | 12,433.38 |
| July, 1968 | 26,370.67 | 13,461.11 |
| August, 1968 | 24,613.79 | 21,567.04 |
| September, 1968 | 49,665.30 | 37,953.12 |
| | 229,457.00 | 156,824.49 |

68% of Total Revenue for first nine mos. of 1968 is other than road building machinery.

———————◆———————

not be granted unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

2. Equipment Transport, Inc., is successor to Heavy Duty Haulers, Inc.

3. Fed.R.Civ.P. 62(c). Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. If the judgment appealed from is rendered by a district court of three judges specially constituted pursuant to a statute of the United States, no such order shall be made except (1) by such court sitting in open court or (2) by the assent of all the judges of such court evidenced by their signatures to the order.

4. The government did not object to the introduction of these figures.

Plaintiff also submitted an anticipated schedule of proceedings before the Commission in Docket No. MC–109430, Sub 11:

    Anticipated Examiner's Report December 10, 1968

    Exceptions and Replies January 31, 1969

    Decision and Order April 15, 1969

    Petitions and Replies June 1, 1969

    Final Order August 1, 1969

    Certificate Issued September 1, 1969

Plaintiff has made a motion before the Commission for identical relief, which is presently under advisement.

■ At the threshold we face the language of Part II of the Interstate Commerce Act.[5]

Powers and duties of Commission— Powers and duties generally.

(a) It shall be the duty of the Commission—

(1) To regulate common carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to continuous and adequate service, transportation of baggage and express, uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment.

(6) To administer, execute, and enforce all provisions of this chapter, to make all necessary orders in connection therewith, and to prescribe rules, regulations, and procedure for such administration; and

The Commission has full power over the regulation of both vehicles and facilities of interstate common carriers. State of Georgia v. United States, 201

F.Supp. 813 (D.C.Ga.1961) aff'd 371 U.S. 9, 83 S.Ct. 21, 9 L.Ed.2d 47; Burlington Truck Lines v. United States, 371 U.S. 156, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962). Congress has provided a forum for review of the exercise of those powers by 18 U.S.C. § 2284. For this court to continue its initial restraining order would in effect reverse the decision issued, and invade the authority of the Commission. The court specified in its order that its decision was not intended to invade, preempt, or supersede the proceedings in Docket No. MC– 109430, Sub 11. The exercise of authority is now in the hands of the Commission. In the opinion of this court it should remain there.

Absent an appeal from this court's order. of October 25; 1968, if there is such immediate and urgent need for the transportation service as plaintiff claims, Congress has provided an avenue of relief in 49 U.S.C. § 310a(a) :[6]

Temporary authority

(a) To enable the provision of service for which there is an immediate and urgent need to a point or points or within a territory having no carrier service capable of meeting such need, the Commission may, in its discretion and without hearings or other proceedings, grant temporary authority for such service by a common carrier or a contract carrier by motor vehicle, as the case may be. Such temporary authority, unless suspended or revoked for good cause, shall be valid for such time as the Commission shall specify, but for not more than an aggregate of one hundred and eighty days, and shall create no presumption that corresponding permanent authority will be granted thereafter.

It may well be that the 180-day limitation would serve as impetus for speedy

5. 49 U.S.C. § 304.

6. In this connection, it should be noted that the Commission on July 24, 1968, denied an application for temporary authority filed by plaintiff, on the ground that no such urgent need exists. Docket

No. MC–109430 (Sub 13TA). Plaintiff remains free, however, to file another application for temporary authority, and if it demonstrates that an emergency need does in fact exist, the Commission may grant the temporary authority to meet the needs of the public.

Commission decision if relief were afforded the plaintiff under the temporary grant authority. In any event, it is for the Commission to decide, and, again, this court does not preempt or suggest by this order.

Finally, if this were an appeal, and plaintiff was seeking relief under Rule 62, or, absent an appeal there was reason to believe the Commission did not possess authority to grant the relief sought [which authority it clearly has], or the Commission's actions were so arbitrary, or could be otherwise characterized as defeating, avoiding, or aborting justice [and there is no such showing here] this court finds guidance in the significant language of Virginian R. Co. v. United States, 272 U.S. 658, 672, 47 S.Ct. 222, 227, 71 L.Ed. 463, 471 (1926):

> The character of the proceeding and the end sought are the same in the two statutes. The two provisions originated in the same Act. Section 266 is a codification of § 17 of the Act of June 18, 1960, c. 309, 36 Stat. 539, 557, [Comp.Stat. § 1243]. The provision of the act of 1913, here in question, is an adaptation to the District Courts of Section 3 of the act of 1910, which prescribed the procedure for such applications before the commerce court * * *. No reason is suggested why the rule governing in cases of appeals from the District Court under Section 266 should not apply also to appeals from those courts under the act of 1913. Moreover, the latter act, in referring in the same connection to appeals from final decrees, declares that 'such appeals may be taken in like manner as appeals are taken under existing law in equity cases.' Congress evidently deemed that it had adequately guarded against the dangers incident to the improvident issue of the writs of injunction in cases of this character by the provisions which require action by the court of three judges, which permit of expediting the hearings before the District Court, which shorten the period of appeal, and which give a direct appeal to this court.

Seventh. The Government contends that, even if the District Court had power to stay the order of the Commission pending the appeal in this court, its action was not warranted by the facts. A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant. In re Haberman Manufacturing Co., 147 U.S. 525, 13 S.Ct. 527, 37 L.Ed. 266. It is an exercise of judicial discretion. The propriety of its issue is dependent upon the circumstances of the particular case. An application to suspend the operation of the Commission's order pending an appeal from a final decree dismissing the bill on the merits calls for the exercise of discretion under circumstances essentially different from those which obtain when the application for a stay is made prior to a hearing of the application for an interlocutory injunction or after the hearing thereon but before the decision. In the two latter classes of cases, if the bill seems to present to the court a serious question, the fact that irreparable injury may otherwise result to the plaintiff may, as an exercise of discretion, alone, justify granting the temporary stay until there is an opportunity for adequate consideration of the matters involved. But to justify a stay pending an appeal from a final decree refusing an injunction additional facts must be shown. For the decree creates a strong presumption of its own correctness and of the validity of the Commission's order. This presumption ordinarily entitles defendant carriers and the public to the benefits which the order was intended to secure.

In this class of cases an appeal bond can rarely indemnify fully even private parties to the litigation for the loss of the benefits of which the stay deprived them; and the public would usually be left wholly remediless. To justify granting the stay after a final decree sustaining the Commis-

sion's order, it must appear either that the District Court entertains a serious doubt as to the correctness of its own decision; or that the decision depends upon a question of law on which there is conflict among the courts of the several circuits; or that some other special reason exists why the order of the Commission ought not to become operative until its validity can be considered by this court.

Plaintiff has not made such showing of additional facts as would justify a stay by this court at this time.

Motion denied.

And it is so ordered.