## DURANT *v.* ESSEX COMPANY.

1. The Circuit Court, when its decree is affirmed and the mandate filed there, must record the order of this court and proceed with the execution of the decree.

2. For all the purposes of the case, a judgment of affirmance here by a divided court is as effectual as if all the judges had concurred therein.

APPEAL from the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. E. F. Hodges* for the appellant.

The court declined to hear counsel for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case shows that on or about the 11th of October, 1847, the present appellant filed his bill in equity in the court below

against certain defendants for certain relief. After pleadings, proofs, and hearing, that court dismissed his bill absolutely. Appeal was thereupon taken in due form to this court. After one hearing, we ordered a reargument. Upon the reargument, the decree below was affirmed " by a divided court." When our mandate went down, the present appellant, in May, 1858, asked the Circuit Court that he might have leave to discontinue his suit, or if that could not be done, that his " bill might be dismissed without prejudice." All these several requests were refused, and the court simply ordered execution on the decree which had been affirmed.

Afterwards, the appellant filed a new bill in the Circuit Court to obtain the same relief as in the old suit, but setting up what he called new matter. To this bill the former decree was pleaded in bar, and the plea sustained by the Circuit Court, because the first bill had been dismissed absolutely. From that decree an appeal was taken to this court, and at the December Term, 1868, in *Durant* v. *Essex Company* (7 Wall. 107), we decided that the decree, absolute in its terms, dismissing the bill on the merits, was a final determination of the controversy, and constituted a bar to any further litigation of the same subject between the same parties.

Thereupon on the 29th of June, 1874, the appellant filed a petition in the Circuit Court setting up these facts and his newly discovered matter, and asked that the decree affirmed here in 1858, might " be revoked or so modified that his bill of complaint be dismissed without prejudice to his further proceeding at law or equity." This petition was denied, and to reverse that order the present appeal was taken.

Waiving all questions as to the right of appeal from such an order, we are clearly of the opinion that the Circuit Court could do no otherwise than it did. On a mandate from this court affirming a decree, the Circuit Court can only record our order and proceed with the execution of its own decree as affirmed. It has no power to rescind or modify what we have established. Our judgment by a divided court is just as much our judgment for all the purposes of the case in hand as if it had been unanimous. The result of the appeal to us was an affirmance of what had been done below. After the appeal had been taken, the

power of the court below over its own decree was gone. All it could do after that was to obey our mandate when it was sent down. We affirmed its decree and ordered execution. We might have ordered a modification so as to declare that the dismissal should be without prejudice. We did not do so. The Circuit Court had no power after that to do what we might have done and did not do.

*Decree affirmed.*