**LAUFENBERG, Inc. v. GOLDBLATT BROS., Inc.**

**No. 10227.**

United States Court of Appeals
Seventh Circuit.

March 16, 1951.

824

L. B. Mann, Thomas F. McWilliams, Chicago, Ill., for appellant.

Ira Milton Jones, Milwaukee, Wis., Jules L. Brady, Bradford Wiles, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

In this action plaintiff claimed infringement of three patents owned by it, to wit, Wimmer, No. 1,863,211, Herodes et al., No. 2,180,902, and Laufenberg, No. D–150,306. Before the trial plaintiff withdrew Wimmer and all· claims of Herodes except Claim 2. In its answer defendant demanded that reasonable attorney's fees be assessed against the plaintiff. The district court held that Claim 2 of the Herodes patent was not infringed and also held that both Wimmer and Herodes patents were invalid. Upon appeal this court affirmed, 179 F.2d 832—opinion dated Feb. 10, 1950, holding that the design patent was invalid for want of invention and that the entire Herodes patent was invalid because of plaintiff's failure to file a disclaimer.

The decree of the district court was "that the complaint be, and is hereby dismissed at plaintiff's costs." It did not contain any reference to the allowance of attorney's fees. The mandate of this court provided, " * * * so much of plaintiff's appeal as relates to claims 1, 3, 4 and 5 of Herodes must be dismissed. In all other respects the judgment is affirmed."

On June 19, 1950, defendant filed a motion in the district court, invoking R.S. § 4921, 35 U.S.C.A. § 70, that it be awarded reasonable attorney's fees. On the hearing defendant filed affidavits showing it had incurred attorney's fees in excess of $8,000 in defending itself against plaintiff's charges. The district court said, in part: "I think it would be very bad practice if it is established in patent suits that the parties may litigate the question of infringement and validity through all the courts, and then after that is all over, start in and litigate again on the question of whether the one or the other of the parties are entitled to attorney's fees, and if so, how much. I think that would be a very bad practice. I am not, willing to start it."

Although the court did not make a formal finding of lack of good faith on plaintiff's part, in a colloquy the trial judge referred to this action as a flimsy patent suit, and stated he would allow attorney's fees if he had the jurisdiction to do so.

The statute, R.S. § 4921, 35 U.S.C.A. § 70, reads in part: " * * * The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case."

The defendant's answer raised the issue whether attorney's fees should be awarded in this case. The court did not make such an award, nor was there any reservation in the judgment for the court to make such an award or to fix the amount thereof at a later date. Defendant did not attempt to, cross-appeal or otherwise object by reason· of the court's failure to award attorney's, fees.

Defendant argues that the statutory provision that a court may award reasonable attorney's fees "upon the entry of judgment" means something different than at the time of the entry of judgment or simultaneously with the entry of judgment, and to support its position cites one district court case, Juniper Mills, Inc., v. J. W. Landenberger & Co., D.C., 6 F.R.D. 463.

An award of attorney's fees under R.S. § 4921 is not the usual or customary procedure in a patent suit. Such an award is not a matter which follows as of course from the decision of the suit, as in the case of ordinary costs. This court has held that such fees are not to be allowed as a matter of course to the prevailing party in the usual patent suit. Blanc v. Spartan Tool Co., 7 Cir., 178 F.2d 104, 105. Other courts have said that such fees may be awarded to prevent gross injustice, Lincoln Electric Co. v. Linde Air Products Co., D.C., 74 F.Supp. 293, 294, and that the statute should be invoked only where vexatious or unjustified litigation is shown, Phillips Petroleum Co. v. Esso Standard Oil Co., D.C., 91 F.Supp. 215.

The plaintiff had obtained title to the two mechanical patents in suit by purchase from their previous owners. There had not been any previous adverse decisions on the patents in suit; in fact a previous suit involving one of these patents had resulted in a consent decree in plaintiff's favor. Laufenberg v. Milwaukee Boston Store, Civil Action No. 4550 in the U. S. District Court for the Eastern District of Wisconsin. The record does not reveal any hint or suggestion in this case of suppression of evidence or other fraud. Had the trial court allowed attorney's fees to the defendant, plaintiff could have made quite a strong argument that there had been an abuse of discretion, but, be that as it may, we think the trial court was correct in holding that under the circumstances of this case it had no jurisdiction to award attorney's fees at the late date when defendant made its motion therefor. We think the trial judge was entirely correct in showing an unwillingness to interpret the statute so as to require, in effect, that two lawsuits be prosecuted. The defendant argued for just that, stating that the issues of validity and infringement should first be determined and then after all appeals have been taken or the time for taking them has expired, that the court would be in the most favorable position to award attorney's fees.

We hold that the statute means that if an award of attorney's fees is to be made by the trial court, the judge should do so either at the time of the entry of judgment or specifically reserve jurisdiction in such judgment to do so at some reasonable date after the time for appeal has expired, if in fact no appeal is taken, or, in case of appeal, at such reasonable time after all such appellate action has terminated and the mandate filed in the trial court. Although the award is discretionary, the trial court should make a specific finding to show the basis upon which the award of attorney's fees is made.

Defendant argues that neither the parties nor the court should be burdened at the trial with the question of attorney's fees, and further that if the award is made in the judgment, attorney's fees on appeal could not be included. This does not follow. If the trial court concludes that attorney's fees should be awarded, the better procedure would be to fix the amount thereof in the judgment. Jurisdiction could be reserved to award additional fees to cover services rendered after the date of the judgment if such additional award seems appropriate. If an appeal be taken, the appellate court is then in a position to pass upon the propriety of the award, and on the amount thereof. This course would usually obviate the necessity for a second review. Upon entry of judgment by the appellate court, it would have authority to fix attorney's fees for services in that court. Blanc v. Spartan Tool Co., supra, 178 F.2d at page 106; Jerome v. Twentieth Century-Fox Film Corp., 2 Cir., 165 F.2d 784, 785.

Attention should be invited that in the Blanc case, supra, the defendant asked for allowance of fees in this court, but same was denied because of the procedure

followed by the trial court in awarding reasonable fees, but leaving the determination of the amount thereof to a later date. This does not mean that in every case fees in the appellate court would be disallowed where such procedure had been followed, but it does indicate that it would be the safer practice to have the amount of the attorney's fees awarded in the trial court included in the judgment.

The order of the district court denying the application for attorney's fees is

Affirmed.