**UNITED STATES, Appellee,**

v.

**Frank COSTELLO, Appellant.**

**Docket No. 23149.**

United States Court of Appeals Second Circuit.

Motion Submitted April 30, 1956.

Decided May 7, 1956.

Morris Shilensky and Joseph Leary Delaney, New York City, for petitioner.

Before CLARK, Chief Judge, and HAND and FRANK, Circuit Judges.

PER CURIAM.

The mandate of the Supreme Court in this case reads as follows: "It is ordered and adjudged by this Court that the judgment of the United States Court of Appeals in this cause be and the same is hereby affirmed; and that the cause be and the same is hereby, re-

manded to the United States District Court for the Southern District of New York." We have no discretion to vary this direction in any respect, Ex parte Dubuque & Pacific Railroad Co., 1 Wall. 69, 73, 17 L.Ed. 514; Durant v. Essex Company, 101 U.S. 555, 25 L.Ed. 961; In re Washington & Georgetown Railroad Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Gaines v. Rugg, 148 U.S. 228, 242, 243, 13 S.Ct. 611, 37 L.Ed. 432. It is true that unlike the decisions just cited the Supreme Court did not pass upon the point involved; but that, as we understand it, does not permit us to deal with the appeal to us because of the remand direct to the District Court, which leaves us without any jurisdiction while it stands.

Nevertheless, it may not be improper to say that, if we had any jurisdiction to grant a petition for rehearing, we should have refused to grant it. The only complaint is that at the trial the prosecution failed to prove that Mrs. Costello's expenditures, which it alleged had been made out of her husband's income, did not, or at least might not have, come out of some accumulated undisclosed sum of money of her own—her own "hoard." This point was several times raised in the briefs on the appeal (Appellant's Brief, pp. 12, 13, 17, 18; Appellee's Brief Point II, §§ 1 and 5, pp. 15–21, pp. 32–34; Reply Brief "Answering Point II" §§ 1 and 5, pp. 6, 13). Moreover the Reply Brief was followed two months later by a "Supplemental Brief," all of which we considered; and now we are asked to reconsider this issue over a year after we decided the appeal, and denied a petition for rehearing in which the appellant declared that he would "confine himself to one matter only"—*i.e.*, "that the net worth statement prepared by the government as of December 31, 1945, was incorrect to the extent that it failed to include a currency reserve of at least $40,000" (pp. 1 and 2).

The case had our best attention during the six months that it was before us; and the trial was conducted with every solicitude for the rights of the accused. It is undoubtedly true that the determination of charges of this kind is not susceptible of the kind of certainty that is often attainable in other prosecutions. This the Supreme Court has recognized and it has accepted the method here employed when used with caution. We are now asked to reconsider a point that would require a re-examination of the whole record, and no reason is stated to show that we did not consider it before.

The petition is denied.