**UNITED STATES of America**

v.

**Frank COSTELLO, Defendant.**

United States District Court
S. D. New York.

Aug. 21, 1956.

Paul W. Williams, U. S. Atty., New York City, Arthur H. Christy, Asst. U. S. Atty., Whitney North Seymour, Jr., Asst. U. S. Atty., New York City, of counsel, for United States.

Hays, St. John, Abramson & Heilbron, by Morris Shilensky, New York City,

Delaney & Donoghue, by Joseph Delaney, New York City, for defendant.

McGOHEY, District Judge.

The defendant has timely moved pursuant to Section 2255 of Title 28 U.S.C.A. and Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order "vacating, setting aside and correcting that part of the sentence which imposed five years imprisonment and a fine totalling $20,000."

The defendant was tried on an indictment containing four counts which respectively charged that in each of the years 1946 through 1949 he wilfully attempted to evade payment of income taxes due the United States by "filing a false and fraudulent income tax return" in violation of Section 145(b) of the Internal Revenue Code of 1939. The jury, on May 13, 1954, returned verdicts of not guilty on the first count, and guilty on the second, third and fourth counts. The defendant was sentenced on each of the latter counts to a term of five years and a fine of $10,000, plus costs of prosecution, the prison terms to run concurrently. The Court of Appeals reversed as to the second count and affirmed as to the third and fourth counts.[1] The Supreme Court, reviewing only the legal sufficiency of the evidence before the Grand Jury, affirmed.[2]

This motion presents the question, not heretofore raised by the defendant, whether, in view of Section 3616(a) of the Internal Revenue Code of 1939, the Court could legally impose five year terms and $10,000 fines.

Section 145(b) provides:

"Any person * * * who wilfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five

1. 2 Cir., 221 F.2d 668.

2. 350 U.S. 359, 76 S.Ct. 406.

years, or both, together with the costs of prosecution."

Section 3616(a) provides that any person who

"Delivers or discloses to the collector or deputy any false or fraudulent * * * return, * * * with intent to defeat or evade the * * * assessment intended to be made * * shall be fined not exceeding $1,000, or be imprisoned not exceeding one year, or both, at the discretion of the court, with costs of prosecution."

The defendant does not contend that the latter section repealed the former. His contention is that since both sections cover precisely the same ground, "the specific offense of filing a false return with intent to evade taxes, under Sec. 3616(a) prevails over the general denunciation of attempting to evade taxes denounced by Sec. 145(b)" and therefore a sentence greater than one year and $1,000 fine on each count is illegal.

The motion is denied on the authority of United States v. Moran [3] in which the Court of Appeals for this Circuit rejected a similar contention.

Settle order.

3. 2 Cir., 236 F.2d 361.