**Jay E. DARLINGTON, Plaintiff,**

v.

**STUDEBAKER–PACKARD CORPORA-
TION, Defendant.**

No. 1446.

United States District Court
N. D. Indiana,
South Bend Division.

Feb. 10, 1961.

Jay E. Darlington, pro se.

Milton A. Johnson, Jones, Obenchain, Johnson, Ford & Pankow, South Bend, Ind., for plaintiff.

Wayne B. Easton, South Bend, Ind., for defendant.

GRANT, District Judge.

This patent case was commenced on December 31, 1952 and dismissed, for failure to prosecute, on June 6, 1957.

This dismissal was affirmed by the Court of Appeals on January 2, 1959, Darlington v. Studebaker-Packard Corp., 7 Cir., 1959, 261 F.2d 903.

On June 12, 1957, six days after the entry of the dismissal order in the trial court, defendant filed a Bill of Costs. On June 21, 1957, pursuant to Title 28 U.S.C.A. § 1924 the defendant filed an affidavit verifying the costs contained in this Bill. After the affirmance of the dismissal by the Seventh Circuit a supplemental Bill of Costs, and affidavit in support thereof, was filed on July 1, 1959.

The plaintiff, in a letter dated August 15, 1959, requested that he have until September 30, 1959, to file written objections and Brief on these Cost Bills. This Court granted plaintiff the requested time.

By order of October 19, 1959, the time was extended, on Plaintiff's Motion, to November 15, 1959.

By letter of November 17, 1959, plaintiff requested that the time again be extended until November 23, 1959. Again, this Court granted plaintiff the requested time, but no written objections or Brief were ever forthcoming.

The matter was finally set for hearing on July 29, 1960, and the plaintiff, Darlington, appeared at the hearing in person. Due to the absence of the court reporter, Mr. Darlington asked that the hearing be continued. Accordingly, the hearing was ordered continued until August 16, 1960. On this date the plaintiff appeared and filed his brief in opposition to the Cost Bills alleging that this Court was without jurisdiction to now hear the dispute because the request was not made in time by the defendants. Since neither the Court nor the defendant had had an opportunity to study the plaintiff's Brief, the court ordered that defendant be granted time to file an Answer Brief and plaintiff a Reply Brief and that the jurisdictional question raised by plaintiff's original Brief be decided on the basis of these memoranda.

It is this question that is now before us. Plaintiff urges that this Court is without jurisdiction to now make the award because there was no reservation of jurisdiction to award costs and attorneys' fees, nor were any such costs or fees awarded in the original dismissal order. Plaintiff cites Title 35 U.S.C.A. § 70:

"The Court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment in any patent case."

Also, Title 35 U.S.C.A. § 285, which superseded § 70 above and reads:

"The Court in exceptional cases may award reasonable attorney fees to the prevailing party";

and the Reviser's note to Title 35 U.S.C.A. § 285, which reads:

"This section is substantially the same as the corresponding provision in R.S. 4921 (§ 70); 'in exceptional cases' has been added as expressing the intention of the present statute as shown by its legislative history and as interpreted by the courts";

for the proposition that any award of attorney fees must be made at the entry of judgment or not at all.

Plaintiff reasons that the words "upon the entry of judgment" appeared in Title 35 U.S.C.A. § 70 and since Title 35 U.S.C.A. § 285 is "substantially the same" these words are to be implied in the new section.

This Court believes that plaintiff misunderstands the word "substantially". It does not mean identical or "the same"; it means less than this. "Substantially" means in substance; in the main; essentially, by including the material or essential parts, Electric Candy Machine Co. v. Morris, C.C.E.D.Mo.1905, 156 F. 972. The word "substantially" is a relative term and should be interpreted in accordance with context of claim in which it is used, Moss v. Patterson Ballagh Corp., D.C.Cal.1950, 89 F.Supp. 619.

When we say a thing is "substantially the same" we mean it is the same in all important particulars. If the change of

words does not contribute to a new *result*, the change is not material and we can still say the new is "substantially the same" as the old.

■■ Applying this reasoning to the statutes before us, it is apparent that the *result* under both is to award attorney fees to the prevailing party when certain circumstances are present. Under the old the procedure was that these fees had to be awarded "upon the entry of judgment". Under the new the Court appears to be free to make the award at the time it deems most appropriate.

The only thing that has been changed is that the time requirement under the old statute has been removed. That the change in language was intended is apparent from the legislative history of the new patent code. Senate Report 1979, printed in the Congressional Record of June 27, 1952, makes it clear that although new Title 35 was part of the program of enacting all the titles of the U.S.Code into positive law, there were also many modifications and revisions made at the same time. Here follow some excerpts from this Senate Report:

This Bill is part of the comprehensive program of revising and enacting into law all the titles of the U.S.Code. U.S.Code Congressional and Administrative News, 82nd Congress, 2nd Session Volume 2, pg. 2395.

Although the principal purpose of the Bill is the codification of Title 35 U.S.C., it involves simplification and clarification of language and arrangement, and elimination of obsolete and redundant provisions, *there are a number of changes in substantive statutory law*. U.S.Code Congressional and Administrative News, supra, at page 2397.

The next few sections (283–287) relate to injunctions, damages, attorney fees, the Statute of Limitations, and to marking and notice; all of which together replace present statutes on suits, with a good deal

of reorganization in language to clarify the statement of the statutes. U.S.Code Congressional and Administrative News, supra, at page 2403.

From the above, and especially from the last quotation, this Court finds support for its theory that Congress intended to change the requirement that attorney fees be awarded only "upon the entry of judgment". Perhaps Congress thought that the time of such an award, when proper, could best be left to the discretion of the Court. In any event, this Court cannot believe that the words were omitted inadvertently or because they were unnecessary.

Plaintiff cites Laufenberg, Inc. v. Goldblatt Bros., Inc., 7 Cir., 1951, 187 F.2d 823 as controlling authority that costs and attorney fees had to be awarded or reserved in the final decree. This case was interpreting the now superseded Title 35 U.S.C.A. § 70, and more particularly the words "upon the entry of judgment". As this Court pointed out above, the absence of the words "upon the entry of judgment" from the new section (Title 35 U.S.C.A. § 285) must be indicative of some modification of the old § 70. We hold that the absence of the words "upon the entry of judgment" shows a legislative intent to change the old requirement of § 70 that the award be made *only* upon the entry of judgment. For this reason we believe we are not bound by the decision in Laufenberg, Inc., v. Goldblatt Bros., supra. Furthermore, when the Congress, fourteen months after Laufenberg, rewrote Section 70, the members of Congress can be presumed to have had notice of Laufenberg and the deletion of the words "upon the entry of judgment" cannot be held to be a meaningless act.

Plaintiff further contends that defendant admitted that Title 35 U.S.C.A. § 285 is the same as old Title 35 U.S.C.A. § 70 in its Brief and cannot now contend that the absence of the words "upon the entry of judgment" constituted a change in the statute. The quotation from defendant's Brief is as follows:

"The cases decided under 35 U.S.C.A. 70 and 35 U.S.C.A. 285 interpret *both* of these statutory provisions in the *same manner With Regard to the Type of Case in Which Attorney Fees Should be Awarded."* (Emphasis supplied.)

We agree with the defendant that both Title 35 U.S.C.A. § 70 and Title 35 U.S.C.A. § 285, apply to the same *type* of cases in which attorney fees should be awarded. We cannot agree that defendant said more, as plaintiff now contends.

Plaintiff further contends that a case cited by defendant for the proposition that this Court has the power, at this stage of the proceedings, to hear and pass upon these Cost Bills, Sprague v. Ticonic National Bank et al., 1939, 307 U.S. 161, 59 S.Ct. 777, 779, 83 L.Ed. 1184, is inapplicable. Plaintiff seeks to distinguish Sprague on the grounds that the attorney fees and other expenses in controversy in that case were "between solicitor and client". But Sprague was not cited by the defendant as authority that the attorney fees here sought are proper. Rather it was cited for the proposition that this Court has the *power* to entertain this petition for attorney fees after the cause has been disposed of on appeal. "'But here we are concerned solely with the power to entertain such a petition." Sprague v. Ticonic National Bank, supra, 307 U.S. at page 167, 59 S.Ct. at page 780.

Plaintiff cites Kenny v. United States, D.C.N.J.1954, 118 F.Supp. 907, as a case that distinguishes Sprague on the same ground plaintiff seeks to invoke, and also, as a case that stands for the proposition that attorney fees and other costs must be taxed upon the entry of judgment.

But the Kenny case did not involve the patent laws. It involved the enforcement and review of orders of the Interstate Commerce Commission and was brought under Title 28 U.S.C.A. §§ 2321–2325, none of which sections provided for the award of attorney fees. But neither the relationship of attorney and client nor a question arising out of the allowance of attorney fees under the historic equity jurisdiction of the Federal Courts can have any application here because we are not concerned with Title 28 U.S.C.A. §§ 2321–2325 which do not provide for an award of attorney fees "in exceptional cases", but with Title 35 U.S.C.A. § 285 which does so provide.

As stated in the Kenny case:

"It is the general rule that attorney fees, except for the conventional docket fees authorized by § 1923 of Title 28 U.S.C., 28 U.S.C.A. § 1923, are not taxable as costs in the absence of express statutory authority." Kenny v. United States, 118 F.Supp. 907, 909.

Here, we have the exception to this general rule (Title 35 U.S.C.A. § 285) and we find the Kenny case wholly inapplicable. Rather, we believe Sprague v. Ticonic Nat. Bank, supra, does give us authority to hear these Cost Bills and we so hold.

It is, therefore, the considered judgment of this Court that the objections raised by the plaintiff concerning the jurisdiction of this Court to now hear and determine the Cost Bills filed against the plaintiff by the defendant should be, and are, hereby, denied.

Accordingly, a hearing on these Cost Bills is set in the Court Room of this Court at South Bend, Indiana, on Monday, March 6, 1961, at 9:30 o'clock A.M. C.S.T.