**Louis Gilbert DUBUIT, et al., Appellant,**

v.

**HARWELL ENTERPRISES, INC. and Roy M. Harwell, Jr., Appellees.**

**No. 73–1234.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1973.

Decided Oct. 15, 1973.

Robert E. Wagner, Chicago, Ill. (Robert E. Browne, Walsh, Case & Coale, Chicago, Ill., Floyd A. Gibson, and Parrott, Bell, Seltzer, Park & Gibson, Charlotte, N. C., on brief), for appellants.

Jack E. Dominik, Chicago, Ill. (Dominik, Knechtel, Godula & Demeur, Chicago, Ill., Basil L. Whitener, and Whitener & Mitchem, Gastonia, N. C., on brief), for appellees.

Before WINTER, BUTZNER and FIELD, Circuit Judges.

PER CURIAM:

The principal issues on this appeal are whether Louis G. Dubuit's Patent No. 3,090,000 for a silk screen printer is infringed by Harwell Enterprises' machine and whether Harwell libeled Dubuit by circulating a proposed complaint for a declaratory judgment disparaging the means Dubuit had employed in obtaining his patent. Both issues were submitted to a jury, which found neither infringement nor libel.[1] The district judge entered judgment on the verdict. We affirm.

Dubuit protests that the introduction into evidence of Harwell & Yoder's Patent No. 3,545,377 on the accused device was prejudicial. In a pretrial motion, Dubuit's counsel had sought exclusion of the patent, but when it was actually offered as an exhibit during the trial, he said he had no objection. Nor did he object to the court's brief mention of the patent in its charge. Although the patent was not relevant to the issue of infringement, we find no reversible error in this incident of trial.

We find no abuse of discretion on the part of the district court in submitting the case to the jury without the extensive interrogations proposed by Dubuit. And in light of the narrow construction which must be given Dubuit's patent, we conclude that the accused device was sufficiently dissimilar to sustain the jury's finding of noninfringement. *Cf.* Sterner Lighting, Inc. v. Allied Electrical Supply, Inc., 431 F. 2d 539, 543 (5th Cir. 1970). We also conclude that the court committed no error in its submission of the issue of libel to the jury and that the evidence pertaining to this aspect of the case was sufficient to support the jury's verdict. We find no merit in the other assignments of error.

Affirmed.

---

1. The jury also found the Dubuit patent to be valid. The court entered judgment on this finding, and Harwell did not appeal.

    Subsidiary issues pertained to patent misuse and the measures taken to purge it. The district court summarily adjudged that an agreement between Machines Dubuit and American Screen Process Equipment Company contained a tying arrangement constituting patent misue. Dubuit v. Harwell Enterprises, Inc., 336 F.Supp. 1184 (W.D.N.C. 1971). Whether the contracting parties had purged the misuse was submitted to the jury, which found against Dubuit. These issues have been mooted by the judgment of noninfringement.