FRANK COSTELLO, DECEASED, AND LORETTA B. COSTELLO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Costello v. Commissioner
Docket Nos. 48467, 65107.
United States Tax Court
T.C. Memo 1976-399; 1976 Tax Ct. Memo LEXIS 4; 35 T.C.M. (CCH) 1801; T.C.M. (RIA) 760399; December 29, 1976, Filed *4 Edward Bennett Williams,Vincent J. Fuller, and Frank X. Grossi, Jr., for the petitioners. Stephen M. Miller, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined deficiencies in income tax against petitioners as follows: [1]
Docket No. 48467
Addition to tax
Addition to tax
(Sec. 293(b),
(Sec. 294(d)(2), Year
Deficiency
I.R.C. 1939)
I.R.C. 1939)
1941
$ 9,122.46
$ 4,561.23
1942
9,246.23
4,623.12
1943 *
47,659.05
23,829.52
1944
107,499.14
53,749.57
1945
70,217.48
35,108.74
$3,509.17
1946
21,172.54
10,586.27
448.76
1947 *
51,450.23
25,725.12
2,384.95
1948 *
33,224.02
16,612.01
1,625.97
1949 *
29,174.38
14,587.19
1,426.63
1950 *
5,327.59
2,663.80
Docket No. 65107
1952 *
$13,999.00
$949.62
1953 *
11,991.50
1954 *
9,353.84
*5 Petitioners were husband and wife and resided in the Borough of Manhattan, City, County, and State of New York, at the time the petitions herein were filed. Federal income tax returns for the years in question were filed on a calendar year, cash basis with the office of the now district director of internal revenue, New York, New York. Frank Costello (hereinafter "Frank") died intestate on February 18, 1973. Loretta Costello (hereinafter "Loretta") is his widow and sole heir.No permanent administrator of the estate has ever been appointed and no one has been authorized since that date to represent Frank or the estate. [2]
The record of litigation between the Government and Frank in respect of his tax liabilities is fulsome, to say the least. [3] Its tortuous path is reflected only in part by the complicated history of the instant cases, since the petition in docket No. 48467 was filed on May 14, 1953 in respect of two notices *6 of deficiency dated March 6, 1953, one directed to Frank and covering the years 1941, 1942, 1944, 1945, and 1946 and the other directed to Frank and Loretta covering the years 1943, 1947, 1948, 1949, and 1950. We see no useful purpose to be served in detailing that history except to the extent necessary to provide the foundation for this opinion and the decisions which will flow therefrom. On July 20, 1976, stipulated decisions in both docketed cases were entered against Loretta in respect of the taxable years for which respondent had determined joint and *7 several liability. See footnote 1, supra. These decisions did not dispose of respondent's determinations as to Frank. Since the determinations in docket No. 48467 involved claims of additions to tax for fraud, they could not be disposed of without the submission by respondent of sufficient evidence to carry his burden of proof as to fraud under section 1112, I.R.C. 1939. In addition, the Court wished to make certain that anyone who desired to appear on behalf of Frank's estate and was duly authorized would have an opportunity to do so. Respondent having indicated to the Court that he desired an opportunity, at least initially, to proceed by way of a motion to compel stipulation of facts under Rule 91(f) of the Rules of Practice and Procedure of this Court, the Court, by order dated July 21, 1976, set the above-docketed cases for trial on November 8, 1976. On September 2, 1976. within the time limitations of Rule 91(f), respondent filed his motion for an order to show cause, requiring Frank Costello, decesed, to show cause why certain facts and evidence should not be accepted as established for the purposes of docket No. 48467. The proposed stipulation of facts contained *8 282 paragraphs, accompanied by a large quantity of documentary evidence as exhibits. On September 7, 1976, the Court issued an order to show cause in respect of respondent's motion and set a hearing thereon for November 8, 1976; the order also stated that, in the event that a representative of Frank's estate failed to respond or appear, the Court would make the order to show cause absolute and also might dismiss both cases for failure to prosecute, in which event decisions would be entered against Frank for the full amount of the deficiencies and additions to tax asserted against him in the notices of deficiency dated March 6, 1953 (docket No. 48467) and for the amounts indicated in the footnote below [4] for the taxable years 1952, 1953, and 1954 (docket No. 65107). Copies of the Court's orders of July 21, 1976 and September 7, 1976 were served at the time they respectively were issued on Loretta (who was the only surviving heir of Frank, see Harry B. Nordstrom,50 T.C. 30 (1968)), Harold O. N. Frankel (see footnote 2, supra), and counsel for Loretta, who had also represented Frank prior to his death. When the within cases were called on November 8, 1976, there *9 was no appearance on behalf of Frank. Respondent orally moved that the Court's order to show cause dated September 7, 1976 be made absolute, that docket No. 65107 be dismissed as to petitioner Frank Costello, deceased, and that, with respect to docket No. 48467, the Court find that said petitioner had failed to carry the burden of proof as to the underlying deficiencies and additions to tax under section 294(d)(2), I.R.C. 1939, and find that respondent had carried his burden of proof as to the additions to tax for fraud under section 293(b), I.R.C. 1939.The Court granted respondent's motion to make its order to show cause absolute and ordered that the facts recited in respondent's proposed stipulation of facts were to be taken as established for the purposes of docket No. 48467; the remaining motions by respondent were taken under advisement. It is against the foregoing background that we now turn to a consideration of such motions and other pertinent matters. *10 We can dispose of docket No. 65107 quickly. Frank offered no evidence and, since the entire burden of proof was upon him in that docket (Rule 142(a), Rules of Practice and Procedure of this Court), we hold for respondent. However, because of the situation previously outlined, our decision will reflect reduced amounts. See footnote 4, supra. With respect to docket No. 48467, not only has Frank offered no evidence in respect of the matters as to which he has the burden of proof, but the facts which have been deemed established for the purposes of this case affirmatively show substantial omissions from gross income in each of the years 1941 through 1950.Accordingly, we hold that Frank is liable for the underlying deficiencies and additions to tax under section 294(d)(2), I.R.C. 1939, in the amounts set forth in the notices of deficiency dated March 6, 1953. This leaves for our consideration the question of the additions to tax for fraud for each of the years 1941 through 1950. As to this issue, respondent has the burden of proof (Rule 142(b), Rules of Practice and Procedure of this Court) and that burden is satisfied if he proves by clear and convincing evidence that "any *11 part of any deficiency [for each year] is due to fraud." Section 293(b), I.R.C. 1939; Luerana Pigman,31 T.C. 356, 370 (1958). As to the taxable years 1948 and 1949, respondent has obviously carried his burden. Frank was convicted of wilful attempt "to evade or defeat" the income tax for which he was liable for those years. Costello v. United States, 350 U.S. 359 (1956), affg. 221 F. 2d 668 (2d Cir. 1955). As a result, he is collaterally estopped to deny fraud for those years. John W. Amos, 43 T.C. 50 (1964), affd. 360 F. 2d 358 (4th Cir. 1965). Our subsequent discussion will therefore be directed to the additions to tax for fraud for the taxable years 1941 through 1947 and 1950. The March 6, 1953 notices of deficiency reflected the following amounts of claimed unreported income: Yer
Unreported income
1941
$ 19,116.28
1942
17,134.47
1943
55,670.03
1944
107,971.15
1945
82,009.37
1946
38,826.11
1947
90,797.76
1948
58,275.60
1949
59,059.22
1950
17,629.27
In large part, the above amounts were arrived at by respondent's use of the net worth method. We are aware *12 of the vagaries of using figures developed through a net worth computation to prove fraud. See Holland v. United States, 348 U.S. 121, 127-129 (1954). We also recognize that respondent cannot sustain his burden on the fraud issue simply on the ground that Frank has failed to carry his burden of satisfying us that he did not fail to report the amounts of income which respondent claims he omitted. See Luerana Pigman, supra.However, in this case we have an extensive set of facts which have been deemed admitted and it is clear that we can use such facts as a basis for determining that fraud exists. See G. Douglas Strachan, 48 T.C. 335 (1967).See also John Albert Gilday, 62 T.C. 260 (1974); Louis Morris, 30 T.C. 928 (1958). The task before us, therefore, is to determine whether the facts which have been deemed to be admitted constitute sufficient evidence to justify our finding that respondent has carried his burden of proof. We hold that they do. We think it unnecessary, under the circumstances of this case, to review in detail the factual basis for our conclusion. We have carefully examined *13 the evidence and think the badges of fraud are unmistakable. Among the elements that we have taken into account are the following: (1) A consistent pattern of understating amounts of income over a period of ten years. While we cannot say that the evidence shows that Frank failed to report every dollar of the amounts of unreported income claimed by respondent (see p. 9, supra), we are satisfied that sizeable amounts of income were received by him and not reported. These amounts are, in our opinion, sufficient to constitute a substantial indication of fraud. Driebourg v. Commissioner, 225 F. 2d 216, 219 (6th Cir. 1955); Luerana Pigman, supra at 370-371. (2) Dealings in cash. Frank dealt extensively in cash throughout the period in question. Such a course of conduct supports a finding of fraud. Spies v. United States, 317 U.S. 492 (1943); United States v. Schipani, 293 F. Supp. 156, 161 (E.D.N.Y. 1968), affd. 414 F. 2d 1262 (2d Cir. 1969); Robert Leslie Bowlin, 31 T.C. 188, 203 (1958), affd. per curiam 273 F. 2d 610 (6th Cir. 1960).
(3) Placing *14 assets in the names of others. Frank consistently put his assets in the names of others. This is another persuasive indication of fraud. Spies v. United States, supra; United States v. Peterson, 338 F. 2d 595, 597 (7th Cir. 1964); Furnish v. Commissioner, 262 F. 2d 727, 729 (9th Cir. 1958), affg. on this issue and remanding on other issues Emilie Furnish Funk, 29 T.C. 279, 294 (1957); Chinn v. United States, 228 F. 2d 151, 154 (4th Cir. 1955); United States v. Schipani, supra.
(4) Expenditures in excess of reported income. In every year involved herein, Frank made expenditures in excess of reported income. Here again we cannot find that the excess was in the same amount as asserted by respondent, but such excess existed in sufficient amount to provide additional evidence of fraud, at least in the absence of any evidence of the existence of a cash hoard at the beginning of the taxable period. Robert Leslie Bowlin, supra.[5]
(5) Failure to keep books and records. Frank *15 kept no books and records. This element has long been held to be a badge of fraud, particularly where a gambler (such as Frank admittedly was) is involved. Spies v. United States, supra; Bryan v. Commissioner, 209 F. 2d 822, 827 (5th Cir. 1954), affg. a Memorandum Opinion of this Court dated October 10, 1951; Herman J. Romer, 28 T.C. 1228 (1957). [6]
In short, we think the evidence herein is more than sufficient to justify the conclusion that respondent has clearly and convincingly carried his burden of proof that at least a part of the deficiency for each of the taxable years 1941 through 1947 and for 1950 is due to Frank's fraud within the meaning of section 293(b), I.R.C. 1939. Accordingly, we hold that Frank is liable under that section for the additions to tax for those taxable years (as well as the taxable years 1948 and 1949, see p. 9, supra) in the amounts determined by respondent in his March 6, 1953 notices of deficiency. Decisions will be entered for the respondent in accordance with the foregoing. Footnotes
1. The years designated by asterisk represent years in which the deficiencies were determined against petitioners jointly and severally. The years not so designated represent those in respect of which the deficiencies were determined against Frank Costello individually. The taxable year 1951 is not involved herein.↩
2. One Harold O. N. Frankel was granted limited letters of administration on April 30, 1974 to facilitate the sale of certain property, the proceeds of which were applied against liens of respondent; he was discharged therefrom on December 3, 1975.↩
3. See Costello v. United States,350 U.S. 359 (1956), affg. 221 F. 2d 668 (2d Cir. 1955); United States v. Costello,232 F. 2d 958 (2d Cir. 1956); Costello v. United States,353 U.S. 978 (1957), affg. per curiam 239 F. 2d 177 (2d Cir. 1956), which in turn affirmed 146 F. Supp. 63 (S.D.N.Y. 1956); United States v. Costello,157 F. Supp. 461 (S.D.N.Y. 1957), affd. 255 F. 2d 876 (2d Cir. 1958), cert. denied 357 U.S. 937 (1958); Costello v. United States,352 U.S. 1028↩ (1957).
4. The figures used in the order were those contained in the July 20, 1976 stipulated decision against Loretta which the Court was informed also reflected settlement figures which had been agreed to between respondent and Frank's counsel before his death. These figures are: 1952-$2,066.34 plus $233.66 addition to tax (the Court's order of September 7, 1976 did not make clear that the addition to tax was in respect of this year); 1953-$560.00; 1954-$654.42.↩
5. See also Joseph Baker, T.C. Memo. 1955-181↩.
6. See also E. C. Brice, T.C. Memo. 1955-232↩.